### HORACE M. HEDDEN *vs.* PETER ROBERTS.

Worcester.    Oct. 5, 1882. — Jan. 8, 1883.    C. ALLEN, COLBURN & HOLMES, JJ., absent.

In an action for the price of goods sold, upon the issue whether the plaintiff sent a bill of the goods by mail to the defendant and the defendant received it, evidence is admissible that upon the envelope containing the bill was printed a request for a return of the letter to the post-office address of the plaintiff, if not called for in ten days, and that it was not returned to him.

The plaintiff declared upon an account annexed for the price of a monument. The answer set up that the contract was for a monument and two tablets to be made and erected in the defendant's cemetery lot; and that the plaintiff had not performed or offered to perform this contract. At the trial, the plaintiff denied that the contract included two tablets, and did not contend that he had furnished or offered to furnish the tablets, but offered evidence tending to show that the defendant had not selected the tablets, and had not designated the inscriptions to be put upon them; and also offered evidence of a general custom among manufacturers of monuments, that when a special contract is made for a monument and accompanying tablets to be set up in a cemetery lot, and when the contract includes tablets and a monument and the setting of the same, not to furnish the tablets until the purchaser has selected them and furnished the lettering for them." *Held*, that evidence of the custom offered was inadmissible.

In an action for the price of a monument, an acceptance of the monument by the defendant may be inferred from evidence that it has been allowed by him to remain in position on his lot for more than a year, without objection or request to remove it, and that he has since graded his lot and turfed it up to the sides of the monument.

CONTRACT, upon an account annexed, for the price of a monument. The answer set up, among other things, that the contract was for a monument and two tablets to be made and erected in the defendant's cemetery lot; and that the plaintiff had not

performed or offered to perform this contract. At the trial in the Superior Court, before *Knowlton*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*J. Hopkins*, for the defendant.

*W. A. Gile*, for the plaintiff.

FIELD, J. If it was material to the plaintiff's case to show that he had sent a "bill of the monument to the defendant," and that the defendant had received it, evidence that upon the envelope was printed a request for a return of the letter to the post-office address of the plaintiff, if not called for in ten days, and that the letter was not returned to him, was rightly admitted in connection with the evidence that the plaintiff sent the bill enclosed in this envelope by mail to the defendant. It was the duty of the officers of the postal service to return the letter to the address upon the envelope (the postage being prepaid) if it was not delivered to the person to whom it was addressed, and there is the same inference of fact that they would do their duty in this respect as in forwarding and delivering letters addressed to a merchant at his place of business. U. S. Rev. Sts. § 3939. *Huntley* v. *Whittier*, 105 Mass. 391.

Evidence was admitted "of a general custom among manufacturers of monuments, that when a special contract is made for a monument and accompanying tablets or markers to be set up in a cemetery lot, and when the contract includes tablets or markers and a monument and the setting of the same, not to furnish the tablets until the purchaser has selected them and furnished the lettering for them." At the trial, the plaintiff denied that the contract included two tablets, and he did not contend that he had furnished or offered to furnish the tablets; but he offered evidence tending to show that the defendant had not selected the tablets, and had not designated the inscriptions to be put upon them, and also evidence of the general custom above set forth. The purpose of this evidence on the part of the plaintiff must have been to show that, even if the contract was as the defendant contended, and if the plaintiff had not offered to furnish the tablets, still he was not in default.

If the contract, whatever it was, had been fully performed by the plaintiff, he could, under his declaration, maintain an action

for the price. If the contract was entire for a monument and two tablets, and the defendant had received and accepted the monument, the plaintiff could maintain his action to recover what the monument was reasonably worth, although he refused or neglected to furnish the tablets, but the plaintiff's claim would be subject to reduction by the damages the defendant had suffered from the plaintiff's failure to fully perform his contract. *Bowker* v. *Hoyt*, 18 Pick. 555. *Bee Printing Co.* v. *Hichborn*, 4 Allen, 63. Whether the plaintiff had failed to perform his contract was therefore, in any view, a material element in the case.

From the nature of the contract, if it included tablets, the plaintiff could not perhaps well be required to set up the tablets until he had been informed by the defendant of the inscriptions to be put upon them, and had cut them, but it would not be the duty of the defendant to designate the inscriptions until the plaintiff had informed him that he was ready to furnish the tablets. If the defendant had the right to select the tablets, it was not his duty to do so until he had been informed by the plaintiff that he was ready to furnish them. The plaintiff could not discharge himself from liability under the contract, except by performance or by a tender or an offer of performance. If he was prevented by the defendant from performing the contract, he must still show that he was ready and willing to perform it in order to entitle himself to the benefit of performance. If the custom put in evidence meant anything other than this, it meant that it was not the duty of the plaintiff to offer to furnish the tablets, or to give any notice to the defendant of a readiness or willingness to furnish them; but that it was the duty of the defendant first to offer to select them and to designate the inscriptions, and only by a neglect or refusal of the plaintiff after that to put on the inscriptions and set up the tablets could a failure to perform the contract be shown.

Usage is a matter of fact, and not of opinion, and evidence of usage cannot be received if it is opposed to the terms of a contract or to the principles of law. The general understanding of manufacturers of monuments and tablets, as to their rights and obligations under similar contracts, could not be received to vary the rights of these parties under this contract. The custom put

in evidence, if it had any pertinency to the case, contradicted the rules of law applicable to the contract, and was inadmissible; and the exception to its admission must be sustained.

There was evidence that " the monument had been allowed by the defendant to remain in position on his lot from that time," that is, the time of its erection, " to the time of the trial, more than a year, without objection or request to remove it; and that the defendant had since graded his lot, and turfed it up to the sides of the monument." It was not the duty of the defendant to return the monument if he refused to accept it. But declining to accept it at the time it was erected, would not preclude him from afterward accepting it, and the fact that he allowed it to remain on his lot, in connection with the other evidence in the case, was evidence from which an acceptance might be inferred. The court was not required to rule upon the effect of the defendant's allowing the monument to remain, unconnected with the undisputed evidence that he had not requested the plaintiff to remove it, or with the evidence of the plaintiff " that the defendant had since graded his lot, and turfed it up to the sides of the monument." If the defendant desired fuller or more explicit instructions upon what constituted an acceptance or an appropriation of the monument to the defendant's use, he should have asked for them. The rulings of the court upon this part of the case were correct.*                    *Exceptions sustained.*

---

\* The defendant asked the judge to instruct the jury, that, if the defendant declined to accept the monument at the time it was placed upon his lot, allowing it to remain there was not evidence of an appropriation by him so as to warrant a recovery for its value. The judge declined to give the instruction as requested, but instructed the jury that permitting the monument to remain on the lot was not of itself an acceptance or appropriation of it, nor conclusive evidence of such acceptance or appropriation, but that it was a fact which they had a right to consider, in connection with the other evidence in the case, as bearing upon the question whether the defendant had appropriated the monument to his own use as his property.