WILLIAM C. FRAHM, APPELLANT, v. N. B. METCALF ET AL., APPELLEES.

FILED DECEMBER 6, 1905. No. 13,994

1. **Vendor and Purchaser: OFFER: ACCEPTANCE.** In order to conclude a binding contract by the acceptance of an offer, the offer must be accepted substantially as made.

2. **Statute of Frauds.** The authority of an agent for the sale of real estate, if not in writing, is void under the statute of frauds.

19

3. **Principal and Agent:** WRITTEN AUTHORITY: NOTICE. Where the act of an agent is one which requires authority in writing, those dealing with him are charged with notice of that fact and of any limitation or restriction on the authority of the agent contained in such written authority, and a contract beyond the scope of such authority, as thus limited or restricted, is not bindng on the principal.

4. **Statute of Frauds:** MEMORANDUM. A writing that neither names the parties to a contract nor describes them in such a way that they may be identified is not sufficient as a note or memorandum under the statute of frauds.

APPEAL from the district court for Webster county: ED L. ADAMS, JUDGE. *Affirmed.*

*A. M. Walters* and *F. A. Sweezy*, for appellant.

*A. D. Ranney* and *Tibbets Bros. & Morey*, contra.

ALBERT, C.

This is a suit for specific performance of a contract for the sale of real estate. The land which is the subject of the action lies within a certain quarter section in Webster county. A railroad running north and south divides the east half of the quarter into two nearly equal parts. The defendant Metcalf owned the west half of the quarter and all that portion of the east half lying west of the railroad. The alleged sale was not made by Metcalf personally, but by one claiming to act as his duly authorized agent. The only evidence in the record of the authority of the agent to act in the premises is in the following letter, which he received from Metcalf: "Enid, Ok., 8-29, 1903. A. M. Walters. I received your letter in regard to selling my place. I will sell all of the place for 4,700, or the south 40 separate. Will sell on easy terms. Simpson wrote me about a month ago. I told him he could list it if he wanted to for 6 months, but have not heard from him. I don't know what he has done. If he has listed it or not you may see if you can sell either all together or the 40

on the south, 4,700 for all or $900 for the south 40, to be taken if sold subject to the contract of J. Stabenow. Please let me know if you list it."

On receipt of this letter the agent Walters notified Metcalf that he would list the land, and within a day or two thereafter entered into an oral' contract with the plaintiff for the sale to the latter of a strip of land containing 40 acres extending from Metcalf's west line and along his south line to the railroad for $900, "rent corn to go with the land." Plaintiff paid the agent $25 earnest money. Thereupon the agent sent the following telegram to Metcalf: "M. B. Metcalf, Enid, Okl. Sold south 40, $900 cash. Rent corn goes with land. Wire approval. A. M. Walters." There appears to have been some delay in the transmission of the telegram, and upon its receipt Metcalf wrote his agent as follows: "Enid, 9-6, 1903. A. M. Walters. I received your message, also your· letter, but got R. A. Simpson message first. R. A. Simpson sold the south 40. The other part of the farm is for sale. Will set a price if any one wants it. N. B. Metcalf. Will give plenty of time at the rate of 6 per cent. Long time. Message was put in post office. They did not know where I was."

Three days thereafter he wrote the following letter to his agent: "Enid, Ok., 9-9, 1903. Mr. A. M. Walters. Your letter and telegram received in regard to selling the south 40. I received word from R. A. Simpson before I got word from you that he had sold the south 40. I wired him all O. K. If I had of got word from you first you would have got to handle the land but you could not make a deal the way you had, you had no right to sell the crop with the land. The crop was not for sale; also you was selling some of the land that don't belong to that 40. I should of objected to both deals. I give you only south 40 for sale for $900. N. B. Metcalf."

Metcalf repudiated the sale made by the agent Walters, and the purchaser brings this suit. The defendant Towbridge claims as Metcalf's vendee. The district court dis-

missed the bill for want of equity and the plaintiff appeals.

The plaintiff's theory is clearly shown by the following, taken from his brief: "These two letters (referring to the last two), together with the first letter and telegram, constitute the sale. * * * The question is not whether Walters made a sale of the land as agent of Metcalf, but was there a contract of sale consummated and completed between Metcalf and Frahm. No doubt Walters had authority to offer the land for sale on the terms proposed and contained in Metcalf's letter first written to him, a copy of which is set out in the petition. And when Frahm accepted the offer Walters did not undertake to bind Metcalf by making and executing a written contract with Frahm as the agent of Metcalf, but for and on behalf of Frahm transmitted the telegram, a copy of which is set out in the petition." There is at least one fatal objection to this theory, and that is, assuming that the first letter was an offer, which, upon its acceptance by the plaintiff, would become a binding contract, there is absolutely nothing in the record to show that it was accepted as made. It is expressly stated in the alleged offer that the land is to be sold "subject to the contract of J. Stabenow." There is nothing in the evidence to explain what Stabenow's contract was, but we infer from the argument that Stabenow was a tenant in possession under a lease for a term of years, a share of the crop going to Metcalf as rent for the land. We also infer that Metcalf had sold his share of the crop, then standing on the land, to the tenant. But whatever may have been the nature of Stabenow's contract, the land was to be sold subject to it. Such was the offer, and it is elementary that an offer is not binding unless accepted substantially as made From the evidence it would appear that the plaintiff agreed to take the land at $900, "rent corn to go with the land." That was not an acceptance of the offer as made, because it ignores Stabenow's contract, unless the clause, "rent corn to go with the land," is a reference to the contract. But the

evidence is silent on that point, and offers no explanation of what was meant by rent corn. If our inferences from the argument hereinbefore referred to are correct, then by the terms of the letter, which the plaintiff claims was an offer, the rent corn was not to pass with the title, and the alleged acceptance was a flat rejection of this part of the offer, because it states that it does thus pass. It is quite clear to us that the offer, if it be regarded as an offer, was not accepted as made, and the plaintiff's theory fails.

In fact, we can discover no ground that would serve as a foundation for a decree for specific performance in this case. If we say that the sale was made by an agent, then the first letter set out is the only evidence in the record of his authority. That the acts of an agent are binding on his principal, only when within the scope of his authority, actual or ostensible, is elementary. There is no claim, and can be no claim, in this case that the ostensible authority of the agent was greater than that conferred by the letter just referred to. The authority of an agent for the sale of land is void under the statute of frauds unless in writing. *O'Shea v. Rice,* 49 Neb. 893. Where the act is one which requires an agent's authority to be in writing, the party dealing with him must take notice of that fact, and is bound by any limitation or restriction contained in the written authority. Mechem, Agency, sec. 273. Here the statement in the letter that the sale was to be subject to Stabenow's contract was a limitation on the authority of the agent. As the law required his authority to be in writing, the plaintiff is charged with notice of that fact, and when he entered into a contract with him for the purchase of the land, without any reservation as to Stabenow's contract, he knowingly contracted beyond the scope of the agent's authority, and the contract is not binding on the principal.

Even had the agent authority to make the contract, it was void under the statute of frauds, because no note or memorandum thereof was made and signed by Metcalf.

The claim appears to have been put forward in the district court that the telegram from the agent to Metcalf amounts to such note or memorandum, but that claim is unfounded. While the law does not require technical exactness and precision in such cases, there are some things which it does require. One of these is that the note or memorandum should show "the parties to the contract, either by naming them or so describing them that they may be identified." 29 Am. & Eng. Ency. Law (2d ed.), p. 864, sec. 6. This rule is recognized in *Barton v. Patrick,* 20 Neb. 654; *Gardels v. Kloke,* 36 Neb. 493. The telegram utterly fails either to name or describe the purchaser. It is insufficient in other respects, which we pass without notice.

We are of the opinion, therefore, that in any view of the case the plaintiff is not entitled to a decree for specific performance, and we therefore recommend that the decree of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.