DANIEL J. MILLER, APPELLEE, V. I. J. WEHRMAN, APPEL-
LANT.

FILED APRIL 10, 1908.   No. 15,151.

1. **Real Estate Agents**: REVOCATION OF AUTHORITY.  A mere naked
   authority to sell land may be revoked or modified at any time
   by the principal, where the instrument granting the authority is
   not given for a valuable consideration or does not create in the
   agent an interest in the real estate.

2. **Principal and Agent**: AUTHORITY OF AGENT: NOTICE: UNAUTHOR-
   IZED ACTS.  Where the act of an agent is void unless his author-
   ity therefor is in writing, one dealing with the agent is bound
   with notice of the terms and conditions of the instrument creating
   the power, and a contract made by the agent in the name of his
   principal, if beyond the scope of such authority as evidenced by
   the writing, is not binding on the principal.

3. **Evidence** in this case examined, and found to sustain the decree
   of the district court.

APPEAL from the district court for Nuckolls county:
LESLIE G. HURD, JUDGE. *Affirmed.*

*Cole & Brown,* for appellant.

*F. H. Stubbs* and *G. W. Stubbs, contra.*

ROOT, C.

G. D. Follmer & Son is a firm engaged in the real estate
business in the city of Nelson, Nebraska.  Plaintiff is the
owner of a farm in Nuckolls county.  June 22, 1903,
plaintiff signed the following statement, and delivered it
to Follmer & Son:

"Contract.  I, the undersigned D. J. Miller, of Mont
Clare, of the county of Nuckolls, and state of Nebraska,
do hereby authorize G. D. Follmer & Son, of Nelson, to
bargain and sell the property described at even number
herewith at the price set forth, and do hereby agree that
I will convey said property on the sale of the same.  I
further agree that the above described property shall be
left with said G. D. Follmer & Son for sale as above for

the term of six months from date thereof, and thereafter until 30 days' notice is given of the withdrawal of said property from said G. D. Follmer & Son's hands in writing, and if said G. D. Follmer & Son sell, or are in any manner instrumental in selling, said property during said time I will take $4,000 net. Dated this 22d day of June, 1903. (Signed) D. J. Miller."

January 9, 1904, there was added to said instrument the following words and figures: "This contract renewed 1-9-04. Privilege given to list with other agents. Price $4,000; $100 commission. (Signed) D. J. Miller. G. D. Follmer & Sons." Attached to the writing is a description of the land and the improvements thereon, and its situation with regard to markets, schools and churches.

G. D. Follmer & Son claim to have sold this land under the authority of said writings to defendant, and a member of said firm, purporting to act as plaintiff's agent, signed a written contract for the sale of the land for $4,000. This contract was recorded in the office of the registrar of deeds of Nuckolls county. This action is for the purpose of canceling said contract and its record, and to quiet title to said land in plaintiff. Defendant has filed a cross-petition for specific performance of the contract, and alleges he paid Follmer & Son for plaintiff $100 and tenders $3,900, the remainder of the purchase price, to plaintiff. Plaintiff prevailed in the district court. Plaintiff claims Follmer & Son were not authorized to sell the land for $4,000, for the reason, as he testifies, that on the 22d day of August, 1904, he wrote said firm that he had increased the price for the farm to $4,500. Follmer & Son, on the other hand, claim they did not receive the notice till September 15, 1904, and that they consummated the sale October 11, 1904, the date of the contract with defendant; that they were entitled to 30 days' notice of any change in the terms of their contract, and that within 26 days of receipt of plaintiff's notice of the change in the price for which the land might be sold, they had completed the sale to defendant and had signed the contract.

1. Plaintiff was entitled to a decree, and the judgment of the district court will be affirmed. The instrument signed by plaintiff and Follmer & Son is a mere naked authority from the principal to his agent, and not being coupled with an interest, nor given upon a consideration, was revocable at any time by the principal, although thereby he might subject himself to damages at the suit of the agent. Mechem, Agency, secs. 204, 207, 208, 209; *Milligan v. Owen,* 123 Ia. 285; *Cadigan v. Crabtree,* 179 Mass. 474, 88 Am. St. Rep. 397; *Glover v. Henderson,* 120 Mo. 367, 41 Am. St. Rep. 695.

When Follmer & Son received notice that the price for which the land might be sold had been increased from $4,000 to $4,500, the firm's power to sell was altered and changed, and it could not bind plaintiff in a contract for a smaller sum than the $4,500. Whether Follmer & Son could maintain an action for the value of services rendered up to said time, or whether it had any legal claim on plaintiff, is immaterial to this inquiry. The record is barren of any evidence that the agent had done anything whatever to secure a purchaser for the land before the receipt of Miller's notice. The fact is the power of the firm to sell the land for $4,000 expired with the receipt of this notice. Defendant does not claim to have been misled by any ostensible authority given Follmer & Son. He says he did not see the written authority till after plaintiff refused to acknowledge the contract signed in plaintiff's name by Follmer & Son. He was charged with notice that Follmer & Son's authority to bind plaintiff must have been in writing. Had he insisted on an inspection thereof, he would have found on that part of the document that contained a description of the land a notation which H. R. Follmer says he placed there September 15: "Notified of raise in price Sept. 15, '04." So that the question is simply one of power on the part of Follmer & Son to bind plaintiff: to sell the land for $4,000. That power Follmer & Son did not have. *Frahm v. Metcalf,* 75 Neb. 241; Mechem, Agency, sec. 273.

2. The record will warrant a finding of fact that Follmer & Son received the notice more than 30 days before it sold to defendant. Plaintiff testified positively that on the 22d day of August, 1904, he addressed an envelope to Follmer & Son, Nelson, Nebraska, and affixed thereto a two-cent postage stamp; that he inclosed in said envelope the notice; that he personally handed the letter to a rural mail carrier at one of the letter boxes while the carrier was on duty engaged in taking up and distributing mail. He corroborated his testimony concerning the transmission of the notice by the production of a diary wherein he had entered his transactions for that day, and in regular order we find a notation of the fact he had sent notice to Follmer & Son that the land should not be sold for less than $4,500. Plaintiff had kept a diary since 1876, and the book containing this entry was one of a series used by him for that purpose. He testified that he either wrote up the diary the evening of each day or within a day or two of the happening of the events. On the other hand H. R. Follmer, a member of the firm, says that the letter was not received at the Nelson post office by the firm till September 15; that they received mail every day, and that he himself received plaintiff's letter; that he immediately made a notation of the fact and date in the firm's books; says he has lost or mislaid the letter itself, and does not know what has become of the envelope, nor does he remember the date of the impression made by the receiving stamp thereon; that he did not anticipate any trouble, and did not preserve the envelope. Proof that a letter properly addressed and stamped was placed in the mails is *prima facie* evidence that such letter, in the regular course of business, was delivered to the addressee. *McDermott v. Jackson*, 97 Wis. 64. This presumption may be rebutted by any relevant evidence; but, even though the addressee should testify positively he did not receive the letter, the weight of the evidence must be submitted to the trier of fact, and a decision upon the one side or the other will be supported by the evidence. *Pennypacker*

*v. Capital Ins. Co.*, 80 Ia. 56, 20 Am. St. Rep. 395; *Hedden v. Roberts*, 134 Mass. 38, 45 Am. Rep. 276; *Long-Bell Lumber Co. v. Nyman*, 145 Mich. 477.

We know no reason for not applying the rule where the dispute is concerning the time of delivery; it being presumed that officers do their duty and that public affairs are transacted in the ordinary routine and course of business. Follmer was a witness hostile to plaintiff. His interest was bound up with that of defendant. His authority, if any he had, under the amended contract prior to the receipt of the letter, was to sell for $4,000, and he would be entitled to a commission of $100, and yet he sold for $4,100, and reported the sale as for $4,000 only. On the entire record, we are satisfied the trial judge was right, and we therefore recommend that his judgment be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.