### HAYWARD v. WEMPLE et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1912.)

1. JUDICIAL SALES (§ 20*)—BIDS—ACCEPTANCE—EFFECT.

A bid at a judicial sale constitutes, when accepted, a contract, so that the bidder may not withdraw his bid except under circumstances justifying a rescission or reformation of a contract for the sale of land.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 44; Dec. Dig. § 20.*]

2. CONTRACTS (§ 93*)—RESCISSION—MISTAKE.

A mistake to justify a rescission of a contract need not be mutual, but may be by one party only.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 415–419; Dec. Dig. § 93.*]

3. CONTRACTS (§ 273*)—ELECTION—AFFIRMANCE—RESCISSION.

A party to a contract may not affirm it in part and rescind it in part, and, where he elects to affirm, he must affirm it in all its terms.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1194; Dec. Dig. § 273.*]

4. CONTRACTS (§ 271*)—ELECTION—AFFIRMANCE—RESCISSION.

An election by a party to a contract to affirm it or to rescind it, made with knowledge of all the facts, is conclusive, and his taking steps to enforce the contract is an election not to rescind on account of anything known at the time.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1190, 1191; Dec. Dig. § 271.*]

5. JUDICIAL SALES (§ 20*)—RELIEF FROM BID—MISTAKE—ELECTION.

A purchaser at a judicial sale who moves to be released from his bid on the ground of mistake arising from the fact that he made his bid on the theory that the mortgage incumbrance on the land should be deducted therefrom elects to rescind the contract made by the acceptance of his bid, though he asks for alternative relief by offering to purchase on the mortgage indebtedness being deducted from his bid.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 44; Dec. Dig. § 20.*]

6. CONTRACTS (§ 93*)—RESCISSION—GROUNDS—MISTAKE.

To rescind a contract on the ground of mistake, the mistake must be honest and excusable, and a party may not obtain relief on the ground that he erred in construing a plain and unambiguous contract, the terms of which he knew before entering into it.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 415–419; Dec. Dig. § 93.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**7. Judicial Sales (§ 20*)—Bids—Mistake—Evidence.**

Evidence *held* not to show that a purchaser at a judicial sale of land incumbered by a mortgage made an honest mistake in believing that the mortgage indebtedness should be deducted from his bid, and he was not entitled to be relieved from his bid, especially where his acts after the acceptance of the bid indicated that the mortgage indebtedness should not be deducted.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. § 44; Dec. Dig. § 20.*]

**8. Customs and Usages (§ 17*)—Varying Contracts—Evidence of Custom.**

Parol evidence of a custom is inadmissible to add new terms to a contract inconsistent with the terms actually expressed therein in writing.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 34; Dec. Dig. § 17.*]

Appeal from Special Term, Kings County.

See, also, 136 N. Y. Supp. 629.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

Abram I. Elkus, of New York City (Carlisle J. Gleason, of New York City, on the brief), for appellant.

William N. Dykman, of Brooklyn (Francis L. Archer, of Brooklyn, on the brief), for plaintiff-respondent.

Louis Marshall, of New York City (Louis Malthaner, of New York City, on the brief), for respondent Caroline M. Bovee.

BURR, J. This action was brought for the partition and sale of three pieces of property, two of them situated in the borough of Manhattan and one in the borough of Brooklyn. On November 11, 1911, a judgment was entered by which, among other things, a referee was appointed to make the sale. One of the pieces of property described as parcel No. 1 was situated on the northwest corner of Broadway and Spring streets in the borough of Manhattan. At the sale, held February 29, 1912, said parcel was struck down to the Esseff Realty Company for $132,000. The judgment, in accordance with the terms of which the sale was had, provided that the referee should sell each of said parcels free and clear from any and all general and specific liens or incumbrances whatsoever, excepting the lien of the mortgage of the East River Savings Institution. This mortgage affected parcel No. 1. Upon that mortgage, at the date of the sale, the sum of $75,000 of principal was due, with interest from February 1, 1912. The notice of sale contained a statement as follows:

"The premises above described as parcel No. 1 will be sold subject to a mortgage held by the East River Savings Institution, on which there is now due the sum of $75,000, with interest thereon at the rate of five per centum per annum from February 1, 1912."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The terms of sale, so far as they related to parcel No. 1, contained a similar statement. Upon the date for closing the contract of sale, the purchaser sought to deduct from the bid price the amount of the mortgage, with the interest thereon, being only the excess of the bid above such amount. The referee refused to deliver the deed upon such conditions. Thereupon the purchaser moved to be released from its bid, unless the referee should be directed by the court to allow and deduct therefrom the amount of the principal and interest on said mortgage. From an order denying such motion, this appeal is taken.

[1] A bid at a foreclosure sale "when accepted so far constitutes a contract that a bidder may not withdraw his bid except under circumstances that will justify the rescission or reformation of an ordinary contract for the sale of land." Continental Insurance Co. v. Reeve, 135 App. Div. 737, 119 N. Y. Supp. 901; appeal dismissed 198 N. Y. 595, 92 N. E. 1081.

[2] The purchaser does not now claim a right to reform the contract. It does seek a rescission thereof. There is no suggestion of fraud in the case, but appellant urges rescission upon the ground of mistake, which, however, was not mutual. A mistake on one side only may be ground for rescinding, but not for reforming a contract. City of New York v. Dowd Lumber Co., 140 App. Div. 358, 125 N. Y. Supp. 394; Hearne v. Marine Ins. Co., 20 Wall. 488, 22 L. Ed. 395; Moffett, Hodgkins & Clarke Co. v. Rochester, 178 U. S. 373, 20 Sup. Ct. 957, 44 L. Ed. 1108.

[3] The respondents contend that, if the purchaser had any right of rescission, it has been lost by reason of the form of the application for relief. A party to a contract may not at the same time affirm it in part and rescind it in part. If he elects to affirm, he must affirm it in all of its terms. Wald's Pollock on Contracts (3d Ed.) 707.

[4] An election once made with knowledge of all the facts is final and conclusive. Moller v. Tuska, 87 N. Y. 166; Follett v. Brown, 188 Ill. 244, 58 N. E. 943; Wylie v. Gamble, 95 Mich. 564, 55 N. W. 377. Taking steps to enforce a contract is a conclusive election not to rescind on account of anything known at the time. Wald's Pollock on Contracts, 708; Conrow v. Little, 115 N. Y. 387, 22 N. E. 346, 5 L. R. A. 693; Bach v. Tuch, 126 N. Y. 53, 26 N. E. 1019. If the appellant had sought in the first instance to compel a delivery of the deed upon payment of the sum bid, less the amount of the principal and interest of the mortgage, and had failed to establish that such was the contract between the parties, it may be that because of such election it could not afterward be heard upon an application to rescind the contract upon the ground of a mistake upon its part.

[5] But in this instance the primary relief asked for was a cancellation of the bid. It is true that coupled with this there was a suggestion of alternative relief. But we think that this alternative should not be construed as anything more than an offer upon the part of the purchaser to make a new contract upon the basis thereof if the other party to the contract so desired.

[6] But, to rescind a contract upon the ground of mistake by one

of the parties thereto, it must be an honest and excusable mistake. One cannot be heard to state that the terms of a proposed written contract, plain and unambiguous in character, were known to him before he entered upon the same, but that notwithstanding this he erred in his construction thereof. This would be opening the door to a method of avoiding a perfectly valid contract, if subsequently to the making thereof one of the parties thereto concluded it was to his disadvantage.

[7] Considering, then, the application upon its merits, we think that the learned court at Special Term correctly found as a fact that there was no honest mistake as to the terms and conditions of appellant's bid. In the affidavit verified by its president at the time that the motion was originally made, he asserted that, before bids were invited by the auctioneer, he stated that "the amount of the mortgage on the property held by the East River Savings Bank would be allowed from and out of the bid or purchase price." As to this he is corroborated by no one, for the evidence of his brother, the secretary and treasurer of the Realty Company, is weak and evasive upon this point. It is that "to the best of his knowledge and belief, and as deponent understood it, the reader stated that the $75,000 mortgage to the East River Savings Bank would be allowed from and out of the purchase price." He is contradicted by the referee who made the sale, by one of the attorneys for the plaintiff, and by two of the attorneys for the parties defendant. Each of these persons was present at the sale. He was also contradicted by the husband of the plaintiff, who attended for the purpose of bidding, and who did bid upon the property, and also by the auctioneer and his assistant. When it clearly appeared that the secretary and treasurer of the Realty Corporation which purchased at the sale and who was present at the time had seen and examined the notice of sale before the date of the auction, and that the terms of sale were distinctly read before bids were invited, the purchaser then shifted its ground, and contended that it was the custom when sales of real property were made at auction at the Real Estate Exchange in the borough of Manhattan, even where the property is declared to be sold subject to a mortgage, unless such mortgage is not to be deducted from the purchase price, for the auctioneer to announce that all bids will be over and above such mortgage, and that in this case no such announcement was made. As to this fact, the recollection of the learned referee who made the sale does not accord with that of the president and secretary of the purchasing corporation, and there is a conflict of evidence as to the existence of such a custom.

[8] But parol evidence of a custom may not be received to add new terms to a contract inconsistent with the terms actually expressed therein in writing. Wald's Pollock on Contracts (3d Ed.) 315; 1 Greenleaf on Evidence (15th Ed.) § 292; Bigelow v. Legg, 102 N. Y. 652, 654, 6 N. E. 107; Hedden v. Roberts, 134 Mass. 38, 45 Am. Rep. 276; In re The Schooner Reeside, 2 Sumn. 567, Fed. Cas. No. 11,657; De Witt v. Berry, 134 U. S. 306, 312, 10 Sup. Ct. 536, 33 L. Ed. 896. In the Reeside Case Justice Story said:

"I apprehend that it can never be proper to resort to any usage or custom to control or vary the positive stipulations in a written contract, and, a fortiori, not in order to contradict them. An express contract of the parties is always admissible to supersede, or vary, or control, a usage or custom; for the latter may always be waived at the will of the parties. But a written and express contract cannot be controlled, or varied, or contradicted by a usage or custom, for that would not only be to admit parol evidence to control, vary, or contradict written contracts, but it would be to allow mere presumptions and implications properly arising in the absence of any positive expressions of intention to control, vary, or contradict the most formal and deliberate written declarations of the parties."

This language was quoted with approval by Mr. Justice Lamar, speaking for the United States Supreme Court, in the case of De Witt v. Berry, supra. The practical construction put upon the contract by the acts of the parties immediately after the property was struck down militates against appellant's present contention. By the terms of sale 10 per cent. of the purchase money was to be paid to the referee at the time and place of sale, and the residue on the delivery of the deed. If appellant's contention were correct, the purchase money to be paid was not $132,000, but $132,000 less $75,000, with interest thereon for a period of about two months. Yet we do not find the purchaser paying 10 per cent. of this reduced sum, amounting to a little more than $5,000, but, on the contrary, $13,200. If this is 10 per cent. of the purchase price to be paid, a sum nine times as great will be the residue thereof.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

### HAYWARD v. WEMPLE et al.

(Supreme Court, Appellate Division, Second Judicial Department. July 25, 1912.)

MOTIONS (§ 43*)—RENEWAL—NEWLY DISCOVERED EVIDENCE.

Where permission was not given to renew a motion by a purchaser at a judicial sale to be relieved from his bid, and the moving papers in support of a renewal motion based on the same grounds as the original motion do not disclose newly discovered evidence, but merely an attempt to retry the litigated question by calling further witnesses to testify to facts involved on the hearing of the original motion, the renewal motion was properly denied.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 55, 56; Dec. Dig. § 43.*]

Appeal from Special Term, Kings County.

Action by Martha E. Hayward, individually and as administratrix, against Caroline M. Wemple and another. From an order denying a motion by the purchaser at a partition sale to be relieved from its bid, the Esseff Realty Company, purchaser, appeals. Affirmed.

See, also, 136 N. Y. Supp. 625.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes