## HAYWARD v. WEMPLE et al.

(Supreme Court, Appellate Division, Second Judicial Department. July 25, 1912.)

MOTIONS (§ 43*)—RENEWAL—NEWLY DISCOVERED EVIDENCE.

  Where permission was not given to renew a motion by a purchaser at a judicial sale to be relieved from his bid, and the moving papers in support of a renewal motion based on the same grounds as the original motion do not disclose newly discovered evidence, but merely an attempt to retry the litigated question by calling further witnesses to testify to facts involved on the hearing of the original motion, the renewal motion was properly denied.

  [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 55, 56; Dec. Dig. § 43.*]

Appeal from Special Term, Kings County.

Action by Martha E. Hayward, individually and as administratrix, against Caroline M. Wemple and another. From an order denying a motion by the purchaser at a partition sale to be relieved from its bid, the Esseff Realty Company, purchaser, appeals. Affirmed.

See, also, 136 N. Y. Supp. 625.

Argued before HIRSCHBERG, BURR, THOMAS, WOODWARD, and RICH, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Abram I. Elkus, of New York City (Carlisle J. Gleason, of New York City, on the brief), for appellant.

William N. Dykman, of Brooklyn (Francis L. Archer, of Brooklyn, on the brief), for plaintiff-respondent.

Louis Marshall, of New York City (Louis Malthaner, of New York City, on the brief), for respondent Caroline M. Bovee.

BURR, J. The order denying appellant's application to be relieved of its bid was made and entered on the 26th day of April, 1912. More than a month thereafter an application was made for an order appointing a referee to take the affidavits of certain persons named to be used upon the hearing of another motion by the Esseff Realty Company to be relieved from its bid upon the same grounds which were made the basis of the preceding application. That motion was denied, and from the order of denial this appeal is taken.

The order must be affirmed. No permission was given to renew the previous motion. It appears from the moving papers that the evidence sought to be obtained through these affidavits is not of the character of newly discovered evidence, but that an attempt is to be made to retry a question once litigated and decided adversely to the moving party by calling further witnesses to testify as to facts involved in the original controversy and determined therein.

The order must be affirmed, with $10 costs and disbursements. All concur.