Tate v. Barb.

---

ROBERT J. TATE, APPELLEE, V. R. L. BARB, APPELLANT.

FILED DECEMBER 4, 1924. No. 22913.

Evidence examined, and *held* insufficient to sustain the judgment.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Reversed.*

*Abbott, Rohn & Dunlap* and *Courtright, Sidner, Lee & Gunderson,* for appellant.

*J. C. Cook, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN, GOOD and THOMPSON, JJ.

THOMPSON, J.

This is a suit brought for specific performance of a contract for the sale of real estate. The petition is in the usual form, with a copy of the contract in plaintiff's possession, as it now is, attached, which describes the land as located in Kit Carson county, Colorado.

The answer alleges, in substance, that plaintiff, being desirous of having defendant's aid in selling land, suggested that he pay plaintiff $500, and the latter would prepare duplicate memoranda to be signed by each, plaintiff to retain one and defendant the other, and that plaintiff could use this in making sales of land to other parties; that, if defendant concluded he did not want to purchase land, he could let plaintiff know and the $500 would be returned to him, and all matters dropped (thus raising a similar issue to that in *Coffman v. Malone*, 98 Neb. 819) ; that defendant notified plaintiff that he did not want to purchase land, and demanded the return of his $500, but plaintiff refused to pay same.

The evidence as to this part of the answer shows that defendant consented to the suggestion of plaintiff, and the latter sat down at defendant's table, they being at the time at defendant's home on the farm, and prepared the papers in the presence of defendant's wife; that each signed the respective duplicates, plaintiff retaining one and defendant the other; that the property was described as " Nw. quarter of Sec. seventeen, Township eight, Range forty-eight."

Another defense relied on is that the description of the land purported to be sold being, as follows from that set out above, without state, county, or meridian named, is wholly insufficient to comply with the requirements of the statute of frauds as pertaining to the conveyance of land. Comp. St. 1922, sec. 2453 ; *Barton v. Patrick,* 20 Neb. 654 ; *Frahm v. Metcalf,* 75 Neb. 241 ; *McCarn v. London,* 83 Neb. 201.

The answer further alleges that a copy of the instrument purporting to have been signed by plaintiff and defendant attached to plaintiff's petition shows that the orig-

inal now contains the words " Kit Carson " and " Col.,"
which have been written in as part of the description since
same was executed, and the word " Nebraska " erased
from the original; that at the time of the execution of
these duplicates the space where the words " Kit Carson "
now appear was left blank, and where the word " Col."
now appears was the word " Nebraska," and the dupli-
cate left with defendants did not and does not contain the
words " Kit Carson " and " Col;" that the original in plain-
tiff's possession, wherein it now differs from the duplicate
in defendant's possession, has been fraudulently altered
since its execution, without defendant's knowledge or con-
sent.   The answer also prays, by way of cross-petition, for
judgment for $500, the sum paid plaintiff at the time of
execution of duplicate.

The reply is in substance a general denial.  Trial had to
the court, resulting in a finding and judgment for plaintiff
as prayed for.  Motion for a new trial overruled, and case
appealed here for trial *de novo*.

For reversal, defendant contends, *inter alia*, that the de-
cree of the court is contrary to law and the evidence.  In
support of this contention he states in his brief and upon
oral argument that a microscopic examination of the orig-
inal contract as found in plaintiff's possession reveals as
follows:

 " When Tate wrote out the two contract forms they were
resting on a surface which had small, regular and pro-
nounced corrugations or raised places over the entire part
whereon the forms were resting when written.  Both of
the exhibits are exactly alike in that respect.  Every letter
of the written part of both exhibits except the words ' Kit
Carson ' and ' Col.' in plaintiff's exhibit A displays these
same regular and pronounced corrugations in the impres-
sion made by the indelible pencil which Tate used.  The
impression of the pencil used in writing the words ' Kit
Carson ' and ' Col.' in exhibit A is perfectly uniform. When
these words were written the paper was resting on a per-
fectly smooth and regular surface.

" At the trial plaintiff's .exhibit A was introduced and seen for the first time since almost twelve months before. by the defendant and Mrs. Barb, and for the first time by counsel for defendant.    The light in the courtroom was insufficient and dim.    An examination of exhibit A by the court under these conditions did not disclose the difference in writing.

" The evidence adduced by both parties is entirely in harmony on one of the issues,   It is conclusively established that when the parties were at the house of the defendant in September, 1919, the plaintiff filled out both of the contract forms, filling in the blank spaces in his own handwriting.   It is not disputed that the plaintiff at the request of the defendant filled out and delivered an original copy of the contract to the defendant."

Defendant's contention above set out is not without merit.   As this microscopic examination was not had at the trial, and neither was the attention of counsel for plaintiff nor the trial court called to facts disclosed thereby, it is considered by us that, in justice to the parties concerned, the judgment should be, and it hereby is, set aside, and the cause remanded for trial.

REVERSED.

Note—See Alteration of Instruments, 2 C. J. sec. 210.

