THE PILLSBURY COMPANY, Plaintiff-Appellee, *v.* ROY BUCHANAN, Defendant-Appellant.

Fourth District   No. 13311

Opinion filed April 29, 1976.

William W. Austin, of Parker, Brummer, Siemer & Austin, of Effingham (Q. Anthony Siemer, of counsel), for appellant.

Thomas J. Logue, of Glenn & Logue, of Mattoon, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The plaintiff Pillsbury Company sued the defendant Buchanan for damages for a breach of contract. A bench trial was held. The trial court found for the plaintiff Pillsbury Company, and the defendant Buchanan brings this appeal.

There is no dispute that an agent of the Pillsbury Company and the defendant Buchanan entered into an oral agreement on January 17, 1973, by which Buchanan agreed to sell and deliver to The Pillsbury Company a quantity of Number 1 grade yellow soybeans at a price of $4.55 per bushel and that Buchanan delivered about 2,057 bushels of such soybeans to The Pillsbury Company in March of 1973. The present controversy arose because the plaintiff Pillsbury Company claims that the parties had agreed that the defendant Buchanan would sell 3,150 bushels of soybeans although the defendant Buchanan contends that he had agreed to sell only 2,100 bushels.

The plaintiff Pillsbury Company sued for breach of contract for the alleged failure of the defendant Buchanan to sell the remaining 1,093 bushels of soybeans. Buchanan pleaded the Statute of Frauds as an affirmative defense. Pillsbury Company answered that defense by arguing that it had mailed a letter of confirmation of the oral contract in satisfaction of section 2—201 of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, par. 2—201). The parties stipulated that they are "merchants" within the meaning of the Statute of Frauds provision of the Uniform Commercial Code (Ill. Rev. Stat. 1971, ch. 26, par. 2—201).

At trial, Pillsbury Company presented evidence that its agent had entered into an oral agreement on January 17, 1973, to the effect that the defendant Buchanan would sell 3,150 bushels of soybeans and that its agents had prepared and mailed a written letter of confirmation on the same day addressed to the defendant Buchanan at Toledo, Illinois. However, the defendant Buchanan testified that the parties had agreed that he would sell only 2,100 bushels of soybeans. Furthermore, Buchanan testified that his address was not Toledo, Illinois, but has been R.R. 1, Greenup, Illinois, for the past 19 years and that he had not received the

written confirmation. Buchanan conceded that he is known around the Toledo area. Pillsbury's agent admitted that the wrong address had been placed on the confirmation but pointed out that the letter to the defendant Buchanan had not been returned although the return address of Pillsbury Company appeared on the envelope.

The trial court held in favor of the plaintiff Pillsbury Company and entered judgment against the defendant Buchanan for damages in the amount of $2,819.94. The trial court made a finding that the written confirmation had been received by the defendant Buchanan. That finding is the narrow point challenged by Buchanan on this appeal.

The Statute of Frauds provision of the Uniform Commercial Code states, in part, as follows:

> "Except as otherwise provided in this Section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker." Ill. Rev. Stat. 1971, ch. 26, par. 2—201(1).

> "Between merchants if within a reasonable time a writing in confirmation of a contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) against such party unless written notice of objection to its contents is given within 10 days after it is received." Ill. Rev. Stat. 1971, ch. 26, par. 2—201(2).

■■ In order for the plaintiff Pillsbury Company to have overcome the Statute of Frauds defense asserted by the defendant Buchanan, the evidence must have established that Buchanan received the confirmation. (Ill. Ann. Stat., ch. 26, §2—201(2), Comment (Smith-Hurd (1963).) In the present case, there can be no presumption of receipt of the letter of confirmation. Although the mailing of a properly stamped and addressed letter raises a presumption of its receipt (*Alger v. Community Amusements Corp.*, 320 Ill. App. 184, 50 N.E.2d 594), Pillsbury Company admits that it had incorrectly addressed the letter. Where, as in this case, the receipt of a written confirmation is denied, the question of receipt is a question of fact. (Ill. Ann. Stat., ch. 26, §2—201(2), Comment (Smith-Hurd 1963); *Winkfield v. American Continental Insurance Co.*, 110 Ill. App. 2d 156, 249 N.E.2d 174.) The parties agree that the sole issue to be decided on this appeal is whether the trial court's finding of fact that the written confirmation had been received by Buchanan was against the manifest weight of the evidence.

■■  The trial court in determining the credibility of the witnesses and the weight to be given the evidence could have believed the version of the facts offered by Pillsbury Company. That is, the court could have believed that Pillsbury Company's agents prepared and mailed a written confirmation to the defendant Buchanan at Toledo although Buchanan lived in Greenup and that the letter was not returned to Pillsbury Compay although the company's return address was present on the envelope. The court could have taken judicial notice that Toledo and Greenup are small communities within Cumberland County only about five miles apart. (See 29 Am.Jur.2d *Evidence*, §§62-65 (1967); Cleary, Handbook of Illinois Evidence, *Judicial Notice*, §3.3 (1963).) The court could have accepted the admission of the defendant Buchanan that he is known in the Toledo area but could have rejected Buchanan's testimony that he had not received the letter of confirmation. From such a state of the evidence, the trial court's conclusion that Buchanan had received the confirmation was not against the manifest weight of the evidence.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.