LOWELL S. SHERWOOD, DOING BUSINESS AS SHERWOOD LUMBER AND CONCRETE COMPANY, TABOR, IOWA, APPELLANT, v. DOLA H. TUCKER AND KATHRYN C. TUCKER, APPELLEES.

277 N. W. 2d 437

Filed April 10, 1979. No. 42082.

Hoch & Steinheider, for appellant.

Wellensiek & Rehmeier, for appellees.

Heard before KRIVOSHA, C. J., CLINTON, and HASTINGS, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an action for the foreclosure of a mechanic's lien filed by Lowell S. Sherwood, doing business as Sherwood Lumber and Concrete Company, Tabor, Iowa, the appellant, against Dola H. Tucker and Kathryn C. Tucker, appellees. The District Court for Otoe County, Nebraska, entered a judgment of dismissal against which the appellant assigns error. We reverse and remand the action.

The portion of the record material to the assignment of error shows that on December 16, 1976, the appellant filed a mechanic's lien against the property of the appellees, together with the affidavit of one Sally A. Kline, which stated that acting for and in behalf of the appellant she had mailed a copy of the lien to the appellees. Appellant's petition alleged the filing and mailing of the copy of the lien to which appellees' answer was a general denial. At the trial, appellant introduced the lien and the affidavit, as exhibits 1 and 2. No further reference to either is found in the testimony. The trial court found that there was no evidence that Sally A. Kline was attorney for the claimant and that the requirement of section 52-103, R. S. Supp., 1978, had not been met as to the affidavit. The action was then dismissed.

We consider, first, the meaning of the term "attor-

ney" as used in the statute. Appellees claim, and the trial court determined, that it referred only to "attorney at law." The first use of the word in this statute appears in the amendment adopted in 1969, when the statute was amended into substantially its present form. Previously, no notice to the landowner of the filing of a mechanic's lien had been required. It is likely it was recognized that many businesses conducted their affairs through agents and substitutes of various kinds and that such agents and substitutes often had the only personal knowledge of business acts. When an act, such as the giving of notice of the filing of a mechanic's lien, is being proved, it is only logical that the person performing such act should make the proof. If the statute referred to the institution or maintenance of legal proceedings, then the word "attorney" would refer only to attorney at law. In People v. Miller, 259 N. Y. S. 2d 647, at p. 650, 23 App. Div. 2d 144, it was stated that "The title 'attorney', in its broad sense, signifies merely an agent or substitute and does not necessarily refer to an attorney at law." In this statute the word "attorney" is used in a broad, generic sense and refers to any agent or substitute acting for and in behalf of a lien claimant; it may include but should not be limited to an attorney at law.

When the lien and the affidavit were introduced into evidence, the appellant made a prima facie showing of compliance with the statutory requirements of filing and notice. This supported the allegations of his petition which had been denied. If the trial court intended to hold that further proof of the identity and authority of Sally A. Kline was needed, it was in error.

Next, we turn to the holding by the trial court that if the affidavit of notice is insufficient, the mechanic's lien becomes invalid and unenforceable. There is only one penalty clause in section 52-103, R. S. Supp., 1978, which reads: "Failure to serve notice

of lien, if required by this section, shall make such lien void and unenforceable." It follows the provision for the giving of notice and the making of the affidavit of mailing. If the Legislature had intended that a defective affidavit should render the lien void and unenforceable, the penalty clause could have and should have so stated. The service of the notice is of primary importance in establishing the lien. The provision for the making of the affidavit is merely directory and substantial compliance with the provision is sufficient. The construction given this provision by the trial court is erroneous.

Other questions argued in the course of this appeal relate to matters as to which the evidence is conflicting and no finding was made by the trial court. If they arise again at the retrial, we assume that the trial court will consider and determine them properly.

The judgment of the trial court is reversed and the cause is remanded for the trial of the remaining issues in the case.

REVERSED AND REMANDED.