WAITE LUMBER COMPANY, INC., A CORPORATION, APPELLEE, V. JERRY A. CARPENTER AND SHARON KAY CARPENTER ET AL., APPELLEES, IMPLEADED WITH HUEY LONG CO., INC., A CORPORATION, APPELLANT.

290 N. W. 2d 655

Filed April 1, 1980. No. 42740.

Christine J. Law of Atkins, Ferguson, Hahn, Zimmerman & Carney, for appellant.

Leland K. Kovarik of Holtorf, Hansen, Kovarik & Nuttleman, P.C., for appellees Carpenter.

Heard before KRIVOSHA, C. J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

This is an appeal by cross-petitioner, Huey Long Co., Inc. (Huey Long), from a judgment of the District Court in favor of defendants Carpenter, which judgment released and discharged a mechanic's lien filed by Huey Long. Huey Long was a named defendant in the original action between Waite Lumber Company, Inc., plaintiff, and Jerry A. and Sharon Kay Carpenter, defendants, naming as codefendants various parties who claimed liens against the property of the Carpenters. This appeal is from a ruling in favor of the Carpenters on a cross-petition by

Huey Long against the defendants Carpenter. The error assigned is that the trial court erred in finding that no proper notice was given to the Carpenters of the filing of the mechanic's lien by Huey Long, as required by section 52-103, R. S. Supp., 1978. We affirm.

The following facts were stipulated to by the parties. On January 31, 1977, El-Con Corporation, a Nebraska corporation, as contractor (El-Con), and the Carpenters, as owners, entered into a written contract for the construction of a residence on Lot 6, Block 4, Pioneer Plaza Addition to the city of Gering, Nebraska. The contract provided in part that El-Con would supply all necessary materials and labor and would be reimbursed for the same by the Carpenters.

Pursuant to this contract, El-Con ordered from Huey Long casement-type windows and a sliding glass door to be used in the residence property being constructed. The windows and door were shipped from Huey Long and delivered on July 11, 1977, to the premises of the Carpenters. It was stipulated that the fair and reasonable value of the windows and door was $1,914.57, and that the materials supplied by Huey Long to the Carpenters were incorporated in and are now a part of the residence property owned by the Carpenters. This residence property is otherwise known as 1565 K Street, Gering, Nebraska.

There appears in the Scottsbluff telephone directory a Jerry Carpenter whose wife is Norma J. Carpenter, and whose address is 1865 Birch Street, Gering, Nebraska.

On October 25, 1977, a mechanic's lien was timely and duly filed in the office of the register of deeds of Scotts Bluff County on behalf of Huey Long. Also filed on that date was an affidavit of Huey Long's then attorney, which states in part that notice of the filing of the lien was mailed on October 24, 1977, to

Jerry A. Carpenter and Sharon Kay Carpenter at 1865 Birch Street, Gering, Nebraska. This was the correct Carpenter, but the wrong address. The Carpenters deny ever receiving such notice.

There was testimony by Norma J. Carpenter (the wrong Carpenter) that she received a letter "from some lumber company" and after taking a closer look determined that it was for a different Carpenter. She then resealed and returned it to her mailbox, which is a rural box, for the mailman to pick up. On the letter she wrote, "Not at this address, on K Street." She was unable to give any date when this occurred.

Huey Long argues on appeal that where a party who has filed a mechanic's lien sends notice of such filing to the owners of the real property by United States mail, postage prepaid, within 5 days after the last day for filing such lien, that party has complied with section 52-103, R. S. Supp., 1978, and has no other obligation of notice to the owners of the real property. Reliance is on National Masonic Accident Ass'n v. Burr, 57 Neb. 437, 77 N. W. 1098 (1899), for the rule that a letter addressed, stamped, and mailed is presumed to have reached the addressee in the usual course of the mails. Huey Long argues that a presumption arose upon the sending of notice by United States mail with postage prepaid, and such presumption is not overcome by a denial of receipt; rather a denial merely presents a question of fact to be determined. It is contended that the trial court erred in determining that the question of fact on the issue of notice should be resolved in favor of the Carpenters.

In support of this contention, Huey Long relies upon testimony by both Sharon Carpenter and Norma Carpenter that the two households had occasionally received mail intended for the other. Both women would put a notation on the letter showing that it was addressed incorrectly and place the letter

back in the mailbox for the mailman. It is Huey Long's position that the testimony of the two Mrs. Carpenters shows that the "usual course of the mails," as it related to them, involved occasional correction and redirection of mail that was misdelivered to them as a result of having two Jerry Carpenters living in Gering, Nebraska.

It is well established that a letter addressed, stamped, and mailed raises a presumption that the letter reached the addressee in the usual course of the mails. National Masonic Accident Ass'n v. Burr, *supra*. This presumption may be rebutted by any relevant evidence; however, positive testimony by the addressee that a letter was not received simply raises a question of fact to be decided by the trier of fact. Miller v. Wehrman, 81 Neb. 388, 115 N. W. 1078 (1908). Although we have never decided this specific question, it seems implicit from the holdings in the earlier cases that the presumption of receipt of mail by the addressee does not arise unless it is shown that the letter was *properly* addressed, stamped, and mailed. Miller v. Wehrman, *supra;* City of Omaha v. Yancey, 91 Neb. 261, 135 N. W. 1044 (1912).

In a case outside our jurisdiction, it was said: "Unless a letter is correctly addressed to the *street, number* and city in which the addressee lives, the usual presumption that it was received will not be entertained." (Emphasis supplied.) Baltimore & O. R. Co. v. Reaux, 59 F. Supp. 969 (N. D. Ohio, 1945). See, also, Pillsbury Co. v. Buchanan, 37 Ill. App. 3d 876, 346 N. E. 2d 386 (1976). The letter to the Carpenters was not properly addressed to the parties to whom it was intended for receipt; therefore the presumption that it reached the Carpenters did not arise.

Huey Long would have this court apply the presumption as a result of the actions of Norma Carpenter when she resealed a letter "from some lumber

company" and placed it in her rural mailbox. "Proper address" is not such a broad term as to encompass the act of an intermediary in writing "Not at this address, on K Street," on a misdelivered letter. Huey Long cites Brace & Hergert Mill Co. v. Burbank, 87 Wash. 356, 151 P. 803 (Wash., 1915), for the proposition that the incorrect address is not a fatal defect. However, that case is distinguishable from this one in that the address correction there was made by the postal authorities in the usual course of the mails.

The mechanic's lien statute states, in part: "Failure to serve notice of lien, if required by this section, shall make such lien void and unenforceable; * * *." § 52-103, R. S. Supp., 1978. Service of such notice is of primary importance in establishing the lien. Sherwood v. Tucker, 203 Neb. 56, 277 N. W. 2d 437 (1979).

A mechanic's lien action is tried de novo in the Supreme Court. § 25-1925, R. R. S. 1943; Modern Plumbing & Heating, Inc. v. Journey West Campground, Inc., 193 Neb. 781, 229 N. W. 2d 192 (1975). In a trial de novo, this court will give weight to the fact that the trial court observed the witnesses and their manner of testifying and accepted one version of the facts rather than the other. The Wickes Corporation v. Frye, 202 Neb. 23, 273 N. W. 2d 663 (1979). Considering the case de novo, we find the evidence establishes that the Carpenters did not have actual notice of the mechanic's lien and that Huey Long having failed to meet the notice requirements of section 52-103, R. S. Supp., 1978, its purported lien was void and unenforceable.

The judgment of the trial court is affirmed.

AFFIRMED.