FRANK RIIFF V. FRED RIIBE.

FILED APRIL 9, 1903.   No. 12,715.

1. **General Denial:** STATUTE OF FRAUDS. The objection that a contract sued upon is void under the statute of frauds because not in writing, may be availed of by a general denial in the answer.

2. **Instruction:** VOID CONTRACT. In an action to recover for personal services under a contract void because not in writing and not to be performed within one year, it is error to instruct the jury that the wage agreed upon by the void contract may be regarded as establishing the rate of the plaintiff's compensation.

ERROR to the district court for Cedar county: GUY T. GRAVES, DISTRICT JUDGE. *Reversed.*

*Addison M. Gooding* and *James C. Robinson,* for plaintiff in error.

*Cassius H. Whitney, contra.*

AMES, C.

The plaintiff alleged in his petition that on the 10th day of March, 1896, he entered into a contract with the defendant to work for the latter as an ordinary farm laborer for the term of one year from that date for a wage of $15 a month for the first eight months, and $10 a month for the remaining four months, making $160 for the whole year; and that he fully performed the contract; and at the expiration of the term of employment he continued in

the service of the defendant upon a mutual understanding with him that he should be paid for his services at the contract rate; and that pursuant to such understanding he remained in the employment of the defendant until the 10th day of August, 1899; and that he had been paid on account of the premises $155 and no more, leaving a balance due him of $400, for which, with costs, he prayed judgment.

The defendant, by his answer, denied the contract averred in the petition, but alleged that on or about the said 10th day of March, 1896, he hired the plaintiff to work for him in the capacity mentioned for the wage of $15 a month for the term of eight months and no longer, and that after the expiration of said period the plaintiff continued in the defendant's service until the 10th day of August, 1899, and that the value of plaintiff's services after the expiration of his eight months' contract was $15 a month for the corresponding months of each year, but for the remaining four months of each year the value of such services did not exceed that of the board and lodging of the plaintiff, which were afforded to him by the defendant. The defendant also pleaded certain matters by way of set-off, and admitted a balance due to the plaintiff of $62.59.

The reply was a general denial.

It will be seen that there is no disagreement in the pleadings with respect to the length of the term of actual service, nor does either pleading allege more than one express contract, and on the trial it was disclosed that no such contract was made, unless by parol. It was testified by the plaintiff that the agreement alleged in his petition was made on the 9th day of March for a year's service, to begin on the next day, and it was therefore a contract not to be performed within one year, and, not being in writing, it was void under the provisions of the statute of frauds. The law seems to be well settled that the objection that an alleged contract is void under the statute may be availed of by a general denial. *Livingston v. Smith,* 14

How. Pr. (N. Y.) 490; *Allen v. Richard,* 83 Mo. 55; *Wis-well v. Tefft,* 5 Kan. 263; Bliss, Code Pleading (2d ed.), sec. 355.

The same infirmity inheres in the plaintiff's contention as to services subsequent to the first year. His testimony in each case is that the agreement therefor was made before the beginning of the year to which it referred.

There having been, therefore, no contract proved between the parties, unless it be that alleged by defendant, the plaintiff was entitled to recover only such sum as his services could have been shown to have been reasonably worth, less such amounts of just set-off as it was liable to. But the court, by his instruction, submitted to the jury the question whether the parties had made the contract alleged in the petition. In the light of the admission of the plaintiff's own testimony this was manifest error. It was the province of the court to rule as a matter of law, upon the undisputed facts, that the alleged contract was void. But the nature and length of the employment having been admitted by the answer, we think that the general denial in the reply may properly be construed as putting in issue only the matters which were really in controversy, namely, the value of the services and the validity and amount of the alleged set-off. Plaintiff cites authorities in support of the proposition that although the contract alleged by him was void under the statute it might be given in evidence and considered by the jury in determining the value of the services after performance. *Murphy v. DeHaan,* 116 Ia. 61; *Kiene v. Shaeffing,* 33 Neb. 21. That this principle, if valid, must be subject to some important limitations and qualifications in its application to the circumstances of a case of ths kind appears to be evident, but we have not to do with it here. The court instructed the jury, in effect, that the terms of the void agreement, if proved, established the rate of wages. This is a quite different thing from telling them that in such case they could properly be considered in ascertaining the *quantum meruit.* The jury awarded the plaintiff a sum

39

evidently measured by the alleged contract rate, and the defendant prosecutes error.

It is recommended that the judgment of the district court be reversed and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial granted.

REVERSED AND REMANDED.