CHARLES F. ROSS, APPELLANT, V. DANIEL CRAVEN ET AL., APPELLEES.

FILED MAY 21, 1909. No. 15,717.

1. **Statute of Frauds:** SALE OF LANDS. The contract of an agent in the name of his principal, for the sale of lands in Nebraska, is void under the statute of frauds unless the former's authority is in writing.

2. ———: ———. A letter written by a landowner to a real estate broker, stating the terms upon which the former is willing to sell his land, does not clothe the latter with authority to execute a contract in the former's name for the sale of such real estate.

3. **Vendor and Purchaser:** OFFER: ACCEPTANCE. An acceptance of a written offer to sell land must conform strictly to the terms of such offer to create a contract.

4. **Statute of Frauds:** PLEADING. If plaintiff's case is based upon a contract which he claims was executed by defendant's authorized agent for the sale of real estate in Nebraska, and the answer is a general denial of all allegations in the petition other than those relating to defendant's title to said land, defendant is entitled to the protection of the statute of frauds.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*R. R. Dickson,* for appellant.

*M. D. Tyler* and *G. W. Shields,* contra.

ROOT, J.

Action for specific performance. Decree for defendants, and plaintiff appeals.

Plaintiff claims that one Johnson, as Craven's agent, sold him the land in controversy October 2, 1906, and that Johnson's authority to make said sale is evidenced by Craven's letter, as follows: "Norfolk, Neb., Sept. 14, 1906. J. N. Johnson, Inman. Dear Sir: Your's rec'd, and I think we understand each other as to terms, only I want it all cut. It would not be fair to cut the best and let the other go. In regard to price I will say the mortgage is due Dec. 1st, but I think it can be extended however. I will take $1,800 cash, and I will pay mortgage and give clear title. This offer will last not longer than Dec. 1st, '06. Or will take $1,200 cash and mortgage for $700 at 7 per cent. int. anywhere from one to five years. After Dec. 1st I shall want more. These terms are net to me. Shall be pleased to hear from you at any time. Yours, Dan Craven." The contract is as follows: "Land Contract. This agreement, made and entered into this 2d day of October, 1906, by and between John N. Johnson, agent for the owner, party of the first part, and Charles Ross, party of the second part, witnesseth: That party of the first part has this day sold to the party of the second part the following described real estate, situated in the county of Holt and state of Nebraska, to wit: The southwest quarter of section number twenty-four in township number twenty-eight of range eleven, containing 160 acres more or less according to the government survey, for a total consideration of nineteen hundred (1900) dollars. Purchase price to be paid as follows: Seventy-five dollars paid in cash, the receipt whereof is hereby acknowledged. The further sum of two hundred twenty-five dollars is to be paid as soon as abstract has been furnished showing a good and merchantable title to said land in the party from whom the deed is to come, subject however to a certain mortgage of $1,200 due Dec.

1st, 1906, which the purchaser herein assumes and agrees to pay as part of the purchase price. The balance, the sum of $400, is to be paid on or before December 1st, 1906, when a warranty deed and possession together with abstract of title is to be given. All payments are to be made at the Inman State Bank at Inman, Nebraska. Party of the first part agrees to send all papers to Inman State Bank, Inman, Nebraska, for examination and delivery for the party of the second part. Party of the first part agrees to pay all taxes including 1906, also to pay all interest on the said mortgage up to Dec. 1st, 1906. It is additionally agreed between the parties hereto that no trees shall be cut on said land while this contract is in force. In witness whereof the parties hereto have executed these presents in duplicate the day and year first above written. John N. Johnson, Agent. Charles Ross."

October 10 Craven sold the land to defendant Abrahams. Craven's letter of September 14 was sent in answer to one of date September 10, 1906, written by Johnson with reference to securing for Craven a man to cut, cure and market the grass then growing on the land in dispute. The last sentence in said letter is: "Kindly advise me your lowest price and terms on this land, also let me know for how long I might show the land for sale at price quoted, so I am in position to handle it." The communication of the 14th is an offer to sell, stating the terms of sale, and did not authorize Johnson to bind Craven in any manner.

Section 6022, Ann. St. 1907, provides: "No estate or interest in land . * * * shall hereafter be created, granted, assigned, surrendered or declared, unless by operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same." Section 6024 states that every contract for the sale of lands shall be void unless the contract or some memorandum thereof is in writing and signed by the party by whom the sale is to be made. Section 6044 declares that an agent, if authorized

in writing, may sign his principal's name to contracts required by the statute of frauds to be reduced to writing to be valid.

For the reason that the correspondence referred to in the petition did not vest Johnson with authority to bind Craven in a contract for the sale of the land in question, the written agreement with plaintiff is void, so far as Craven, or the land, is concerned. *Morgan v. Bergen,* 3 Neb. 209; *O'Shea v. Rice,* 49 Neb. 893.

Plaintiff argues that defendant's answer did not challenge Johnson's authority. Craven's answer admitted that on the 2d day of October, 1906, and prior thereto, he owned the land in controversy, and denied each and every other allegation in the petition contained. The issues thereby created entitled Craven to the protection of the statute of frauds. *Powder River Live Stock Co. v. Lamb,* 38 Neb. 339.

A copy of the aforesaid agreement was mailed to Craven October 3 and evidently received by him not later than October 4. If this could be construed as an attempt by plaintiff to accept Craven's offer, then it did not establish any rights, because it was not an unconditional acceptance. Craven desired all cash, and he was to pay the $1,200 mortgage. Plaintiff's proposition was to assume the mortgage and pay the remainder in cash, thereby, possibly, leaving Craven personally liable for the mortgage debt. Plaintiff demanded an abstract of title, which Craven had not written that he would furnish. Plaintiff demanded that the deed should be delivered and the consideration paid in Inman, whereas Craven resided in Norfolk. The so-called acceptance was not in conformity with the offer and did not complete a contract between plaintiff and Craven. *Lopeman v. Colburn,* 82 Neb. 641.

It is argued, however, that Craven ratified the acts of Johnson because he wrote in the letter of the 4th that he (Craven) had not agreed to pay the 1906 taxes, but did not make other objections to closing the deal, nor take exceptions to Johnson's assumption of authority. Plain-

tiff did not plead ratification of Johnson's unauthorized acts, but based his rights upon the letter of September 14 and the contract of October 3, executed by Johnson. Independent of this fact Craven did not write that he would ratify the contract if the taxes were paid by the purchaser, but stated that he had another deal pending for the land. Johnson and Craven talked over the telephone, and in that conversation Craven denied Johnson's authority to act for him, and thereupon Johnson wrote Craven that the contract of October 3 was valid; that $75 had been accepted thereon, and that Craven must at once furnish an abstract showing title clear of all incumbrances except the $1,200 mortgage. October 8, Johnson again wrote Craven that he must comply with the contract of October 3. October 10, 1906, Craven sold the land to defendant Abrahams, and three days later Johnson wrote Craven that plaintiff would pay the 1906 taxes and again requested an abstract. October 15 Craven wrote to Johnson, that the land had been sold to Abrahams. December 1, 1906, Johnson informed Craven that plaintiff would take immediate possession of the land, which seems to have been unimproved, and that Craven must convey to plaintiff or stand a suit. The facts do not justify a finding that Craven ever ratified the arrangements made by Johnson.

In our opinion the minds of plaintiff and Craven never met with a common intention with respect to a sale of the land involved in this action. The district court is entitled to exercise a sound judicial discretion in disposing of a case involving the specific performance of a contract. On appeal, unless we are satisfied from a consideration of the entire record that the trial court was clearly wrong, its judgment will be affirmed. *Morgan v. Hardy,* 16 Neb. 427; *Krum v. Chamberlain,* 57 Neb. 220; *Lopeman v. Colburn,* 82 Neb. 641.

Upon the pleadings and proof in this case the judgment of the district court was right and is

AFFIRMED.