`Mark Spanogle, appellant, v. Maple Grove Land & Live Stock Company, appellee.

Filed March 13, 1920. No. 21001.

1. **Frauds, Statute of:** Contract for Sale of Land. A contract of an agent in the name of his principal, for the sale of land, is void unless the authority of the agent to make the sale is in writing signed by the principal.

2. **Brokers:** Contract for Sale of Land. Authority of an agent in writing to sell specifically described land of his principal will not be extended by implication to include other land not described.

Appeal from the district court for Morrill county: Ralph W. Hobart, Judge. *Affirmed.*

*C. G. Perry,* for appellant.

*Wright, Mothersead & York, contra.*

Day, J.

The plaintiff brought this action to compel specific performance of an alleged land contract for the sale of land situated in Morrill county. The district court found generally for the defendant and dismissed the plaintiff's cause of action. The plaintiff brings the case here on appeal.

The petition alleged in substance the corporate capacity of the defendant; that prior to January 15, 1917, the defendant had authorized in writing one Frank N. Hunt to negotiate a sale for the defendant of the S. W. ¼ of section 31, township 20, range 49, in Morrill county, Nebraska, then owned by the defendant; that the plaintiff entered into negotiations with the defendant's agent, Frank N. Hunt, which culminated in a contract of sale, and thereupon the plaintiff gave a check to said Hunt for $50 as earnest money and received from him a receipt and contract, as follows: "$50. Bridgeport, Neb. January 15, 1917. Received of Mark Spanogle $50 to apply on the purchase price of the S. W. ¼ of section 31,

township 19, range 50, in Morrill county, this day sold him for $1,600; the balance of the purchase price to be paid upon the examination of an abstract of title showing the tract to be free from incumbrance, and the delivery of a warranty deed in blank conveying the same to him. Maple Grove Land & Live Stock Co., by Frank N. Hunt, Agent.''

The plaintiff alleged his willingness and ability to perform the contract on his part, and the refusal of the defendant to carry out the contract on its part. The defendant denied that said Frank N. Hunt was at the time acting as the agent of the defendant, and alleged that he was acting as the plaintiff's agent. The answer further alleged ''that the facts stated in plaintiff's petition are not sufficient to constitute a cause of action against this answering defendant.'' To sustain the issue of the agency of Hunt, the plaintiff offered in evidence Exhibit 1, which, omitting parts not material to the present inquiry, is as follows: ''September 27, 1916. I hereby employ Frank N. Hunt sole and exclusive agent to sell or exchange my farm of 160 acres, situated S. W. ¼, of section 31, township 20, range 49, county of Morrill. * * * Price $15 per acre, commission to be five (5) per cent. This agreement to run three months from date, and thereafter until fifteen days' written notice is given of withdrawal from market. I also agree to give warranty deed and abstract showing clear and merchantable title to the above described land, within fifteen days after sale is effected. Owner, Maple Grove Land & Live Stock Co., by W. J. Coad. Agent, Frank N. Hunt.''

The witness Frank N. Hunt, called on behalf of plaintiff, testified that prior to February 1 no notice of the revocation of the contract of agency (Exhibit 1) had ever been received by him, and that certain telegrams in evidence were sent to the defendant, ''pursuant to that contract.'' The plaintiff testified, with relation to the receipt and contract hereinbefore set out (Exhibit 6): ''That is a receipt for $50 for the purchase of the

S. W. ¼ of 31-19-50, in Morrill county, Nebraska." "It was given to (by) Mr. Frank Hunt." The plaintiff testified that he gave the check to Hunt, and Hunt gave him the receipt. To make out a case of specific performance for the sale of land, to avoid the effect of the statute of frauds, it was necessary for the plaintiff to show that Hunt was authorized in writing by the defendant to make the sale; and it was also necessary to show that plaintiff had a contract for the sale of the land, signed by the defendant or his agent thereunto authorized in writing. That the plaintiff recognized this is apparent from the parts of the testimony we have quoted. The contract of agency above quoted is authority in Hunt to bind the defendant for the sale of the S. W. ¼ of section 31, township 20, range 49, but such authority could not be extended by implication to authorize him to bind his principal by contract to sell other and different land. The contract which is the basis of the plaintiff's suit and the land which he says he purchased is the S. W. ¼ section of 31, township 19, range 50. The situation suggests the possibility of a mistake in the records before us, but it is properly certified as correct, and we are not at liberty to say that it is a typographical error. We can only pass upon the record before us. If the contract between the plaintiff and defendant, as disclosed by the writing, does not reflect the real intent of the parties, the time and place to have it corrected was in the district court, by a plea for reformation.

A contract of an agent in the name of his principal, for the sale of land, is void under the statute of frauds of this state, unless the authority of the agent to make the sale is in writing signed by the principal. *O'Shea v. Rice,* 49 Neb. 893. This same principle has been recognized by this court in the following cases: *Morgan v. Bergen,* 3 Neb. 209; *Soward v. Moss,* 59 Neb. 71; *Frahm v. Metcalf,* 75 Neb. 241; *Ross v. Craven,* 84 Neb. 520.

Other questions are considered in the briefs, relating especially to the price at which Hunt was authorized to

sell the land under his agency contract, as modified by subsequent correspondence; but, as there is a failure to establish authority in Hunt to sell the land described in plaintiff's receipt and contract, we deem it unnecessary to pass upon those questions.

The decree of the district court was right, and the judgment is

AFFIRMED.

LETTON, J., not sitting.