Frank Seberger, appellee, v. George W. Wood et al., appellants.

Filed June 6, 1921.    No. 21477.

1. **Statute of Frauds: Sale of Land: Contract.** A contract for the

sale of real property is valid and binding upon the owner of the property, when subscribed by his agent who has been authorized in writing by said owner to enter into said agreement.

2. ——: ——: ——. Section 2628, Rev. St. 1913, *held* to have no application to the provisions of section 2650, Rev. St. 1913, authorizing an agent by writing to subscribe a contract for the sale of lands.

3. **Brokers:** SALE OF LAND: AUTHORITY OF AGENT. Where the owner of real estate signs a writing authorizing an agent to bargain and sell real estate within a certain time, at a stated price, and upon certain terms, and further agrees to furnish abstract and convey the lands on sale of same, *held*, that the agent was authorized to enter into a contract for sale of said lands.

APPEAL from the district court for Rock county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*J. J. Harrington* and *A. W. Scattergood,* for appellants.

*J. A. Donohoe* and *J. A. Douglas, contra.*

Heard before MORRISSEY, C.J., ALDRICH, DAY, DEAN, FLANSBURG, LETTON and ROSE, JJ., BEGLEY and LESLIE, District Judges.

BEGLEY, District Judge.

On May 15, 1919, George W. Wood, being the owner of the lands and the holder of the school land lease therein described, executed and delivered to F. L. Hutton a writing as follows:

"931.   Contract for sale of farm.   State Journal Co., Lincoln, Neb.   Office of F. L. Hutton, Real Estate and General Agents, Ainsworth, Nebraska.

"Farm No. ——.   The W.½ Sec. 31, W.½ S.E.¼ Sec. 31 and S.W.¼ N.E.¼ of Section 31 in Township 29 North of Range 17, containing 440 acres.   Number of acres prairie, ——.   Number of Forest Trees, ——.   How watered, ——.   Number of acres under cultivation, ——.   Number of acres fenced, ——.   Number and kind of fruit trees, ——.   Description of dwelling house, ——.   Lease on N.E.¼ Sec. 36-29-Range 18, ——.   Description of buildings, ——.   Lowest price

and terms of sale, fifty dollars per acre for deeded land and twenty-five hundred dollars for school land lease, all cash, or will take one-half cash and bal. on 5 years time at 6% Int. payable semi-annually. Taxes, ———. Distance from R. R. Station, ———. Distance from school house, ———. Quality of land, ———.

### Contract.

"I, Geo. Wood, of Ainsworth of the county of Brown and state of Nebr., do hereby authorize F. L. Hutton of Newport, Nebraska, to bargain and sell the above lands at the price set forth, and do hereby agree that I will convey as above said lands on sale of the same. I further agree that the above described lands shall be left with said F. L. Hutton for sale as above, for the term of sixteen days from date hereof in full for all trouble in showing or advertising said lands. I will furnish abstract in case of sale, and I agree not to place the property in the hands of any other agent during the continuance of this agreement. G. W. Wood.

"Dated at Ainsworth, Nebraska, May 15, 1919."

On May 19, 1919, F. L. Hutton, as agent, entered into a written contract with Frank Seberger, by the terms of which Seberger agreed to purchase the said premises for the sum of $24,500, payable as follows: $1,000 in cash; $10,500 on or before July 1, 1919, at which time deed was to be executed, and to give mortgage back on the deeded land for $13,000, five years' time, interest at 6 per cent, payable semi-annually. This contract was signed "George Wood, by F. L. Hutton, his agent; Frank Seberger, party of the second part," in the presence of one witness. After the execution of these contracts and on May 20, 1919, Wood entered into a contract in writing by which he agreed to convey the premises to Earl Peterson, who immediately went into possession of the same. Frank Seberger brought this action for specific performance against Wood and Peterson as defendants. The trial court found that Hutton was duly authorized under the contract of May 19, 1919, to sell the lands and make con-

tract therefor; that he entered into a contract with Seberger for the sale of the same, and that Wood was bound thereby; and that Peterson had notice of such sale and of the rights of Seberger thereto at the time he entered into his contract of purchase with Wood; and decreed specific performance of Seberger's contract and that Peterson vacate and surrender possession of the premises to Seberger. Wood alone has appealed.

Appellant contends that Hutton was without authority to sign the contract of sale to Seberger in the name of his principal, because the contract of agency was not signed by both Wood and Hutton, as required by section 2628, Rev. St. 1913. His position is stated in his brief as follows: "The real point which we will rely upon in this case for a reversal is that Hutton is not the agent of the defendant, Wood; that while the defendant, Wood, signed the contract of agency, that contract of agency was never completed as it was never signed by the claimed agent, F. L. Hutton."

It is conceded that to be enforceable the contract must comply with the provisions of the statute of frauds as contained in sections 2625 and 2650, Rev. St. 1913. Section 2625 provides: "Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made." Section 2650 reads as follows: "Every instrument required by any of the provisions of this chapter to be subscribed by any party may be subscribed by his agent, thereunto authorized by writing." The whole case rests upon the construction of the phrase "may be subscribed by his agent thereunto authorized by writing."

The supreme court of California construed a similar section of their statutes in the case of *Bacon v. Davis*, 9 Cal. App. 83, and said: "In simple language, the section provides substantially that any agreement for the sale of real property to be valid and binding must be subscribed either

by the owner of the property or by his agent who has been authorized in writing by said owner to enter into such an agreement. The word 'thereunto' has its ordinary signification of 'to that' and is obviously an elliptical form of expression for the phrase 'to do that.' Hence, as far as the agent is concerned, he must be authorized in writing 'to do that,' in other words, to execute an agreement of sale, to make it binding and operative."

In *Spanogle v. Maple Grove Land & Live Stock Co.*, 104 Neb. 342, it is said: "A contract of an agent in the name of his principal, for the sale of land, is void unless the authority of the agent to make the sale is in writing signed by the principal."

It is, therefore, plain that it is unnecessary under section 2625 that an agent sign the writing authorizing him to subscribe a contract for the sale of real estate, it being a sufficient compliance with said section if said writing is signed by the principal, and a contract for the sale of real property is valid and binding upon the owner of the property when subscribed by his agent who has been authorized in writing by said owner to enter into said agreement.

Section 2628, Rev. St. 1913, does not originate in the statute of frauds, but was enacted in 1897, and is section 1, ch. 57, Laws 1897. It provides that every contract for the sale of land between the owner thereof and any broker or agent shall be void unless in writing signed by both parties, describing the land and setting forth the commission. Previous to its enactment there was no law in this state requiring commission contracts for the sale of land to be in writing, and innumerable actions had been brought by real estate brokers against the owners of real estate to enforce the collection of commissions for negotiating sales which in many instances were never completed, and it was to remedy this evil that the section was passed. *Danielson v. Goebel,* 71 Neb. 300. Such contracts can have no application to the provisions of section 2625, they being merely contracts for compensation be-

tween the broker and the owner. As said in *Young v. Ruhwedel,* 119 Mo. App. 231: "It is not to be regarded as a 'contract for the sale of lands' but as an agreement enlisting the services of another to aid the owner in effecting a sale." It has been repeatedly held by this court that such contracts are mere listing agreements between the owner and the broker, whereby the broker is to procure a purchaser and receive compensation for that purpose. *Gould v. Rockwell,* 105 Neb. 724; *Whitehouse v. Gerdis,* 95 Neb. 228; *Ross v. Craven,* 84 Neb. 520; *Miller v. Wehrman,* 81 Neb. 388.

The trial court correctly construed the agreement to be one of express authority to Hutton to enter into the contract pursuant to its terms. Where the owner of real estate signs a writing authorizing his agent to bargain and sell real estate within a certain time, at a stated price, and upon certain terms, and further agrees to furnish abstract and convey the lands on sale of the same, it is a sufficient authorization to the agent to make a written contract of sale for his principal. *Whitehouse v. Gerdis, supra; Peterson v. O'Connor,* 106 Minn. 470.

The decree of the district court was right and is

AFFIRMED.