MASSACHUSETTS BONDING & INSURANCE COMPANY, APPELLEE, V. ARTHUR R. NICHOLS ET AL.: HERMAN E. FAIRCHILD, APPELLANT.

FILED MAY 28, 1928. No. 24886.

*Perry & Van Pelt* and *Bartos & Bartos,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin* and *Denney & Denney, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Eberly and Howell, JJ.

Dean, J.

This action was begun by the Massachusetts Bonding & Insurance Company, plaintiff, against defendants Arthur R. Nichols, L. A. Newell, A. F. Newell, H. L. Clarke, and Herman E. Fairchild. The defendants were either officers or directors of the Farmers & Merchants National Bank of Fairbury while it was a going concern. The action, as alleged by plaintiff, is based on an agreement of indemnity executed by the bank as principal and the plaintiff as surety and was given to cover school funds of school district No. 8, in Jefferson county, which were subsequently deposited in the bank. The bank failed and the plaintiff company paid over to the school district $7,951.70, which was its liability obligation under the bond. The above-named individual defendants are designated in the record as indemnitors. Some time after the plaintiff had paid over to the school district the amount of its deposit in the failed bank, this action was brought against the indemnitors upon their agreement of indemnity to recover the amount so paid, with lawful interest thereon from May 7, 1924, and for $650 attorney fees incurred in the prosecution of this action. Defendant Fairchild, *inter alia,* pleaded a general denial, and insists that, under the facts and the law, he should be relieved of liability on the grounds which are hereafter discussed. The individual defendants, above re-ferred to, except Fairchild, did not appeal. The defendant

Fairchild's appeal is based on the judgment which was entered on the verdict of a jury.

Briefly, but with slight repetition, the material facts in respect of the merits follow: The bank was desirous of obtaining deposits in the sum of $15,000 from the treasurer of the school district. To this end the bank obtained the certified depository bond in suit from the bonding company. The latter company, however, was not satisfied with the financial statement which the bank submitted to it, and hence refused to execute the bond except on condition that the bank obtain a special indemnity agreement, to be executed by responsible indemnitors, and delivered to the plaintiff. The bank complied with this requirement. The plaintiff bonding company thereupon executed the above-mentioned indemnity bond. Fairchild, however, did not himself sign the agreement in suit. This is not denied, nor is it denied that Arthur R. Nichols, one of the five defendants, wrote the name of his codefendant Fairchild thereon. Nichols, however, was not authorized in writing, by Fairchild, to sign his name thereto.

Sections 2458 and 2560, Comp. St. 1922, form a part of the statute of frauds. The introductory paragraph to section 2458 and the second paragraph follow:

"In the following cases every agreement shall be void, unless such agreement, or some . note or memorandum thereof, be in writing, and subscribed by the party to be charged therewith. * * * Second. Every special promise to answer for the debt, default or misdoings of another person."

Section 2560 reads:

"Every instrument required by any of the provisions of this chapter to be subscribed by any party, may be subscribed by his agent, thereunto authorized by writing."

Clearly, a statutory proposition of fundamental law can-not be more plainly stated than that contained in the foregoing citations from sections 2458 and 2560 of the statute of frauds.

Whether Nichols was clothed with lawful authority to

perform this office is the outstanding question presented by the record. Nichols testified that Fairchild verbally authorized him to subscribe his name to the indemnity agreement. Fairchild denied that he ever at any time authorized Nichols or any other person to write his name thereon. But the disagreement between Fairchild and Nichols, in respect of Nichols' alleged authority to sign, in view of the facts and the law applicable thereto, does not appear to be important, from the fact that authority to sign was not in writing. So that, even though Nichols was verbally authorized to sign by Fairchild, as Nichols contends, such signing, in view of the material facts and the law, is not binding on Fairchild.

One of the prime objects of the cited sections of the statute of frauds, in modern transactions and practice, is to prevent the introduction of the evidence of witnesses who depend solely upon memory to detail the facts in respect of transactions which are to be established by the introduction of written instruments which are signed by the party to be charged. And it is elementary that the authority of a principal given to an agent to make a single contract, whether in writing, or otherwise, does not confer an implied power upon such agent to make other contracts generally with other persons, even though of the same nature or kind.

In an analogous case, in an opinion by Root, J., we held that the contract of an agent given in the name of his principal for the sale of land is void under the fraud statute unless the agent's authority is in writing. *Ross v. Craven,* 84 Neb. 520; *Riiff v. Riibe,* 68 Neb. 543. "Even when there is express authority for an attorney in fact to bind his principal as surety, it is the policy of the law to construe it strictly and to hold the principal not bound, unless the authority is exercised within the undoubted limits prescribed." *Clinton v. Hibb's Ex'x,* 202 Ky. 304. Speaking generally it may be said that it is elementary that the signing of a bond, by an obligor whose signature was forged, cannot be ratified and does not render him liable thereon. *McHugh v. County of Schuylkill,* 67 Pa. St. 391, 5 Am. Rep.

445; *Workman v. Wright,* 33 Ohio St. 405, 31 Am. Rep. 546. The spirit of the fraud statute, having been adopted to prevent fraud, cannot be evaded by mere changes in the language of parties nor by the form under which the transactions are disguised. Browne, Statute of Frauds (5th ed.) 218.

The conclusion is that the judgment of the district court must be and it hereby is reversed and remanded, with directions that the action be dismissed.

REVERSED AND DISMISSED.