ROBERT BREZINA, APPELLANT, v. EVERETT J. HILL, AS AGENT FOR THE HATTIE HILL ESTATE, ET AL., APPELLEES.

238 N. W. 2d 903

Filed February 26, 1976. No. 40235.

Johnston, Grossman & Johnston and Terry K. Barber, for appellant.

Edward Asche, for appellees Hill et al.

William L. Walker, for appellees Grubaugh et al.

Edgar V. Thomas, for appellees McDonald et al.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

In this equity action the trial court granted judgment on the pleadings to the defendants, Everett J. Hill, as agent for the Hattie Hill Estate, Everett J. Hill, Alice M. Staggs, and Mabel L. Fisher. The question involved is whether the petition sufficiently alleged authority by a broker to enter into a binding contract for the sale of real estate on behalf of the owners of said real estate. We affirm.

Everett J. Hill, as agent for the Hattie Hill Estate, signed a listing contract with Grubaugh Bros., a real estate agency, under which certain farm ground owned by the Hill estate was to be offered for sale. The contract read, so far as is pertinent, as follows:

"IN CONSIDERATION of your agreement to list, and to offer for sale the property hereinafter described and to use your efforts to find a purchaser, I hereby give you the sole and exclusive right until July 24, 1974 to sell (the farm property) * * *

"I agree to pay you a cash commission of 3% per cent of the gross sale price, said commission to be payable on the happening of any one or more of the following events, to wit:

"If a sale is made, or a purchaser found, who is ready, willing and able to purchase the property before the expiration of this listing, *by you, myself, or any other person,* at the above price and terms or for any other price and terms I may agree to accept, or if this agree-

ment is revoked or violated by me, * * *." (Italics supplied.)

Grubaugh Bros. advertised the farm in local newspapers and during the period of the agreement signed an agreement for the sale of the property. The contract of sale was signed "Everett Hill, Agent, by Dick Grubaugh," and by the plaintiff. Defendants refused to consummate the sale and this action for specific performance ensued.

Section 36-105, R. R. S. 1943, provides: "Every contract for the leasing for a longer period than one year, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made."

Section 36-409, R. R. S. 1943, provides: "Every instrument required by any of the provisions of sections 36-101 to 36-106, 36-201, 36-202, 36-204 to 36-206, 36-301, 36-303, and 36-401 to 36-409 to be subscribed by the party, may be subscribed by his agent thereunto authorized by writing."

In Gould v. Rockwell (1921), 105 Neb. 724, 181 N. W. 655, this court said: "It is generally conceded that the only duty of a real estate broker is to find a purchaser who is ready, willing and able to enter into a contract according to the terms that have been fixed by his principal, and that such a broker does not have authority to proceed further and to enter into the contract as agent for the principal or in the principal's stead, but that the contract, listing the property with him, in order to authorize him to enter into a contract for the sale of the land, must by its terms indicate unequivocally that the owner of the land intended that the broker should have that authority. Such authority will never be inferred nor presumed, and the burden is upon the party seeking the benefit of the contract of sale of the land to prove that the written authority of the agent did affirmatively authorize the agent to make the contract."

Plaintiff premises his action herein on his contention that the wording of the listing contract set out heretofore authorized Grubaugh Bros., as agent for Hill and the estate, to execute the sales contract in their name. We disagree.

Plaintiff places considerable reliance on Seberger v. Wood (1921), 106 Neb. 272, 183 N. W. 363, which held as follows: "Where the owner of real estate signs a writing authorizing an agent to bargain and sell real estate within a certain time, at a stated price, and upon certain terms, and further agrees to furnish abstract and convey the lands on sale of same, held, that the agent was authorized to enter into a contract for sale of said lands." Seberger turned upon the following language in the agreement: "and do hereby agree that I will convey as above said lands on sale of the same."

While we doubt the present efficacy of the Seberger case, it can be readily distinguished from the instant one by the specific statement in the listing contract of an agreement to convey the lands on sale of the same. The present case involves a listing contract executed by an agent giving the broker an exclusive right to sell the property for a specific period of time. However, the language quoted still permitted the owners or someone else to sell the property. It merely sought to protect the broker on the commission. There is no way the listing contract may be construed to grant authority by Everett J. Hill, assuming he had such right, to Richard Grubaugh to sign a contract of sale for the owners of said land.

We held in Preisendorf v. Jenkins (1975), 193 Neb. 611, 228 N. W. 2d 591: "When an owner lists his property with a business broker for sale, it is generally understood that the broker's duties are merely to find a customer. * * * A listing by the owner does not constitute an offer to any third party, but is merely an employment contract between owner and broker."

To the extent that Seberger v. Wood (1921), 106 Neb.

272, 183 N. W. 363, may permit a broker to sign a sales agreement for the owner without express authorization, it is hereby overruled.

If the parties intend that an agent shall have authority to execute a sales contract, it should be expressly so stated. It should not be left to the construction of vague statements or ambiguous circumstances. The authorization should be specifically spelled out in a definite written statement.

The motion for judgment on the pleadings was properly sustained and is affirmed.

AFFIRMED.