DOROTHY H. CARROLL, APPELLEE, v. ACTION
ENTERPRISES, INC., DOING BUSINESS AS
ACTION REAL ESTATE, APPELLANT,
IMPLEADED WITH RICH JUNGJOHAM AND
BILLIE HAWES, APPELLEES.

292 N. W. 2d 34

Filed May 6, 1980. No. 42797.

William E. Pfeiffer of Spielhagen, Pfeiffer, Miller & Weingarten, Associates, for appellant.

Bailey, Polsky, Huff, Cada & Todd and James D. Smith, for appellee Carroll.

Heard before McCown and White, JJ., and Colwell, Grant, and Kortum, District Judges.

McCown, J.

This is an action by the plaintiff, a prospective purchaser, against the defendant real estate brokerage company, agent of the seller, for alleged negligence in connection with the presentation of plaintiff's written offer to purchase a leasehold interest. The District Court for Sarpy County, Nebraska, found that the defendant was negligent in failing to submit to the owner all the underlying facts and circumstances with respect to plaintiff's purchase offer and an identical offer submitted by another prospective purchaser. The court found that, as a proximate result of such negligence, plaintiff's offer was rejected and plaintiff was damaged. The court entered judgment for the plaintiff in the sum of $7,500.

In 1978, the Omaha National Bank, as executor of the estate of a decedent, decided to sell the decedent's leasehold interest in real estate located on Thomas Lake in Saunders County, Nebraska. A double-wide trailer home and a converted garage are located on the leasehold.

On June 8, 1978, at approximately 11 a.m., an officer of the Omaha National Bank listed the property for sale with the defendant, Action Real Estate. A uniform listing contract on a form approved by the multiple listing service was executed. The list price for the property was $24,500 cash. The bank officer also advised the plaintiff and James W. Warren that the property had been listed for sale with the defendant. Warren was a cooperating real estate broker under the multiple listing service and had previously

appraised the property for the bank.

At approximately 2:30 p.m., June 8, 1978, Warren called the listing agent for the defendant and informed her that he wished to make an offer to purchase the property on behalf of his son. The listing agent told Warren that he need not bring the offer to the defendant's office that day because it could not be presented to the bank until the following day. The written purchase offer was received by the defendant at 8 a.m. on June 9, 1978. It was dated June 8, 1978.

In the late afternoon of June 8, 1978, plaintiff's husband called defendant's office and asked for the listing agent. The listing agent was not in the office and Mr. Carroll talked with a sales agent. Arrangements were made to have the sales agent meet the plaintiff at the property. At approximately 6 p.m. on June 8, 1978, plaintiff signed a purchase offer for the property and gave the agent an earnest money deposit. The evidence is conflicting as to the conversations with the sales agent. Plaintiff's evidence was that the sales agent advised the plaintiff that she had bought the property. The sales agent denied making any such statements and also testified that she had advised plaintiff's husband that there was another offer pending. The plaintiff's offer and the Warren offer were each for the full list price of $24,500 cash and were identical in all material respects except for the amount of the downpayment deposit.

On the afternoon of June 9, 1978, defendant's listing agent met with the bank officer who had listed the property, and submitted the two offers. The listing agent testified that she discussed the chronology of events of both offers, including the sequence of physical receipt. The bank officer testified that she told him that both offers were received on June 8, 1978, and that she was unable to state unequivocally which offer came first. The bank officer also testi-

fied that if he had been told unequivocally by the defendant that the plaintiff's offer came in first, he probably would have accepted it. The bank rejected both offers and directed the agent to request both parties to make another offer if they were interested.

Plaintiff refused to make any further offers and asserted that her offer was submitted first and that she felt she had bought the property. Warren submitted a subsequent offer for $25,010, which was accepted by the bank. This action by the plaintiff against the defendant followed.

The case was tried to the court without a jury. The District Court found that the defendant owed a duty to the plaintiff to submit the purchase offer to its principal in a timely manner, which it performed. The court also found that the defendant owed a duty to the plaintiff to inform the bank of all underlying facts and circumstances concerning the receipt and submission of both offers; that it negligently breached that duty; and that, as a proximate result of the defendant's negligence, the plaintiff was damaged. The District Court entered judgment for the plaintiff in the sum of $7,500 and this appeal followed.

The defendant contends that the District Court erroneously found that the defendant owed a duty to the plaintiff to inform the bank of all underlying facts and circumstances known by the defendant concerning the receipt and submission of both purchase offers. The defendant's position is that a real estate broker, the agent of the seller, has a duty to a prospective purchaser only to timely and truthfully communicate offers from the prospective purchaser to the seller and from the seller to the prospective purchaser, and that such duties were carried out by the defendant here.

The law is well settled in this state that a seller is under no obligation to sell his property to a pur-

chaser procured by a broker. The broker's obligation is merely to provide a purchaser and he has no authority, unless otherwise specifically agreed, to enter into a binding contract of sale on behalf of the seller with a purchaser. *Fleming Realty & Ins., Inc. v. Evans*, 199 Neb. 440, 259 N.W.2d 604 (1977); *Brezina v. Hill*, 195 Neb. 481, 238 N.W.2d 903 (1976).

The tort liability of an agent in a case such as this is based upon the common law obligation that every person must do that which he undertakes so as not to injure another rather than upon any contractual relationship existing between the agent and principal. See, *Simon v. Omaha P.P. Dist.*, 189 Neb. 183, 202 N.W.2d 157 (1972); 3 Am. Jur. 2d *Agency* § 300 (1962).

Courts have applied two different theories in determining what duty is owed to a prospective purchaser by a real estate broker who is the agent of the seller. One theory is that the only duties resting upon him are those which he owes to his principal, the seller, and he has no legal duty whatever to the prospective purchaser. The other theory is that although the real estate agent is primarily the agent of the seller, he nevertheless has the duty to truthfully communicate offers from the seller to the prospective purchaser and offers from the prospective purchaser to the seller, and that such duties are owed to the prospective purchaser as well as to the seller. See Annot., 55 A.L.R.2d 342 (1957), and cases there cited.

Cases holding a broker liable.to a prospective purchaser for failure to communicate offers almost invariably involve active fraud, misrepresentation, or concealment on the part of the broker. Such circumstances are not present in this case, nor were they alleged.

We find no authority to support the position that a broker who is an agent for a seller has a duty to a prospective purchaser to inform the seller of all underlying facts and circumstances concerning the of-

fer of either the particular prospective purchaser or of any other prospective purchasers. We believe the appropriate rule to be that a real estate broker or agent of a seller who receives a purchase offer from a prospective purchaser for submission to the seller has a duty to the prospective purchaser to timely and truthfully submit or communicate such offer to the seller. The defendant performed that ordinarily recognized duty to the plaintiff by submitting her offer to the seller in a timely manner and the District Court so found. We find no basis for creating a new or additional standard of duty. The evidence does not support the judgment of the District Court.

The judgment of the District Court is reversed and the cause is remanded to the District Court with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS.