## MINTZ et v HRITZ-MISKOLCZY, INC.

Common Pleas Court, Cuyahoga Co.

No. 481613. Decided Jan. 18, 1940.

Arthur P. Gustafson, Carl A. Mintz and Julius A. Negin, Cleveland, for plaintiffs.

William E. Todd, Cleveland, for defendant.

### OPINION

By HURD, J.

This is an action commenced in this court by the plaintiffs, Carl A. Mintz, Arthur P. Gustafson and Abraham Kollin, duly admitted to the practice of law in all courts of Ohio, on behalf of themselves and others associated as members of the Cuyahoga County Bar Association, and on behalf of all other persons duly admitted and qualified to practice law in the state of Ohio. It is claimed by the plaintiffs that contrary to their rights and the rights of other regularly licensed attorneys at law, and contrary to public policy and in violation of the law, the defendant, a corporation, is engaging in the unauthorized practice of law.

Plaintiffs pray that an injunction may be issued enjoining and restraining the defendants from engaging in the practice of law in any form directly or indirectly, and from preparing and drafting, and advising and assisting in the preparation and drafting of contracts for the purchase and sale of real estate for others, and performing any other legal services for others in connection with any real estate transaction or otherwise.

This case was tried at some considerable length. The testimony of many witnesses was taken, the case was argued orally and then submitted upon briefs of counsel for the interested parties. In addition briefs amici curiae were filed by counsel representing the Cleveland Bar Association and the National Lawyer's Guild.

From the evidence the court finds generally the following facts:

That the plaintiffs are lawyers and are entitled to maintain this action in the capacities and for the purposes set forth in the petition; that the defendant is a corporation existing and operating by virtue of the laws of the state of Ohio for the purpose of engaging in the real estate brokerage business, and is licensed therefor by the state of Ohio. Defendant has and enjoys an extensive business as a real estate broker, and in connection therewith through its officers, agents and employees, prepares and drafts preliminary contracts of sale involving the sale and exchange of real estate in

which the defendant has no direct or primary interest.

It would appear from the evidence that in addition to preparing contracts, the officers or employees of the defendant prepare deeds and other instruments of conveyance. It appears also that the defendant provides without charge desk space in its office for a licensed attorney at law who is also licensed as a real estate broker. From the evidence it appears that this attorney occasionally supervises and directs the preparation of contracts, procures legal descriptions for the office stenographers and occasionally, if not frequently, advises as to form and substance of various instruments in connection with the sale of real estate. No charge is made to the attorney for office or desk space, and it appears that he is permitted the use of the office, service and equipment, such as telephone and stenographic services, without any charge. While there is no express agreement to that effect, it is reasonable to conclude from the evidence that to some extent at least the services performed by the attorney are in the nature of a "quid pro quo" for the office space and services which he enjoys without charge.

In the opinion of this court the question fairly presented by the facts for our determination in this case may correctly and properly be phrased as follows:

Does it constitute the unauthorized practice of law for a corporation, licensed to operate a real estate brokerage business, to engage in a general course of conduct through its officers, agents, employees, and an attorney, which consists of the preparation and drafting of contracts, deeds and other instruments for the sale and conveyance of real estate in which the corporation has no direct or primary interest in furtherance only of transactions where such corporation acts as broker?

We find that this question has heretofore been decided in the affirmative by the courts of Ohio in the following cases:

In re: Unauthorized Practice of Law, Appellant, 58 Oh Ap 79; 11 OO 495, decided by the Court of Appeals of Franklin County, Dec. 30, 1937, affirming a decision of the Common Pleas Court reported in 7 OO 110.

The Land Title Abstract Co., The Guarantee Title & Trust Co., and The Cuyahoga Abstract Co. v Dworken et, decided by the Supreme Court of Ohio, November 27, 1934, 129 Oh St 23; 1 OO 313; Judd et, Appellees v The City Trust & Savings Bank, et, Appellants, decided by the Supreme Court of Ohio, Dec. 15, 1937, 135 Oh St 81; 10 OO 95.

The syllabus of the case of In re: Unauthorized Practice of Law, Gore, Appellant, supra, is as follows:

"1. The selecting by a real estate broker, of the appropriate form of contract blank for others or the filling out of such blank for others, in the furtherance of a real estate transaction, constitutes the practice of law, and such person must be duly licensed to practice law to legally perform such acts."

In its opinion the court in part stated as follows:

"* * * , on final analysis, we are of the opinion that the Supreme Court of Ohio has announced principles which, under the rule of stare decisis, we are bound to follow. Parenthetically, we might say that we find no marked variance in the decisions from other states. The last decision of our Supreme Court, involving similar questions is that of Judd v The City Trust & Savings Bank, 133 Oh St 81, 10 OO 95, 12 N. E. (2d) 288. Again we might say that we have delayed releasing the opinion in the instant case awaiting the opinion of the Supreme Court in the Judd case.

"In 1934 the Supreme Court of Ohio decided the case of Land Title Abstract & Trust Co. v Dworken, 129 Oh St 23, 1 OO 313, 193 N. E. 650. Both cases involve the question of the unauthorized practice of law and have many things in common with the instant case.

"It is our conclusion that the principle announced in the two reported cases by the Supreme Court are determinative of our question against the respondent, Gore. Arriving at this conclusion and being in accord with the very able and well considered opinion of the trial court, we do not deem it necessary to restate the principles. To do so would add nothing in substance."

Paragraphs 1, 2, 3, 5 and 7 of the case of Land Title & Trust Company, et al v Dworken, supra, are as follows:

"1. The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition conveyancing, the preparation of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law.

"2. Since §8623-3, GC, precludes the formation of a corporation for the purpose of carrying on the practice of any profession, a corporation is not authorized to perform acts which constitute the practice of a profession.

"3. The practice of law involves a personal relation which can not be fulfilled by a corporation, and the practice of law is confined to those who have met the prescribed requirements and have been regularly admitted to the bar.

"5.. Furnishing opinions in proceedings in court, as to necessary parties thereto, and preparing and advising in relation to conveyances and other papers pertaining to real estate transactions, for the benefit of others, are acts falling within the practice of law and may not be performed by guarantee companies except wherein they have a direct or primary interest.

"7. The right to practice law conferred by the state is a special privilege in the nature of a franchise and a possessor thereof may be protected by injunction from the invasion of the right thus vested in him."

Paragraphs 1, 2 and 3 of the syllabus of the case of Judd et v City Trust & Savings Bank et, are as follows:

"1. In Ohio, the power to regulate, control and define the practice of law rests inherently in the judicial branch of the government.

"2. A corporation can not lawfully engage in the practice of law; nor can it do so indirectly through the employment of qualified lawyers.

"3. The practice of law consists essentially of the performance of legal services for others. Banks and trust companies in Ohio are engaged in the unauthorized practice of law when, through their regular salaried officers and employees, who may be attorneys at law admitted to practice in Ohio, they prepare and draft wills, trust agreements, or contracts and other instruments requiring the exercise of legal skill, for their customers or patrons. And it makes no difference that such banks may be designated in such instruments in fiduciary capacities."

It is clear from the principles enunciated by the court as set forth in the syllabi above that a corporation is prohibited by law from engaging in any acts which constitute the practice of law.

Applying to the facts which the court finds in this case the principles of law thus enunciated in these decisions by courts of last resort, we can reach only one conclusion, and that is that the acts of the defendant constitute the unauthorized practice of law. It appears to this court that the law on this subject is so well settled by the foregoing decisions of our Supreme Court and Court of Appeals, that it is not a matter of first instance upon which we may exercise our own independent judgment, but that this court is bound, under the doctrine of **stare decisis** to follow the principles announced by these cases.

An examination of opinions rendered by the courts of last resort in some

642

states where the general Ohio rule seems to prevail, indicates a tendency to grant an exception to the general rule in favor of real estate brokers allowing to them the privilege of drafting contracts and instruments of conveyance which are incidental merely to the principal business of the real estate broker in furtherance only of transactions in which he participates in that capacity and where no separate charge is made for such service. Cases illustrative of this view are the following:

Childs v Smeltzer, 315 Pa., 9; 171 Atl. 883, (obiter dicta); People v Title Guaranty & Trust Co., 227 N. Y. 366, 125 N. E. 666, (obiter dicta).

In a recent case decided squarely on the merits of this proposition the Supreme Court of Minnesota as a matter of comity, and for reasons stated in its opinion, accepted a legislative declaration of public policy relative to the unauthorized practice of law, involving an exception to the general rule in favor of real estate brokers holding in part that "it would not be in the interest of public welfare to restrain brokers from drafting ordinary instruments necessary to effectuate the closing of the ordinary real estate transaction in which they are acting." Joseph F. Cowren et al, Respondents v Frederick E. Nelson, Appellant, January 5, 1940 —, Minn. — N. W.

The defendant is here contending for a like exception in this state in its favor as a real estate broker for the privilege which by the Supreme Court decisions above referred to is denied to banks, trust companies, abstract, title and guarantee companies, and which is likewise denied to those engaged in the real estate brokerage business in Franklin county by force of the decision of the Franklin county Court of Appeals in the Gore case, supra. In view of these decisions it would appear that this court has not the power or authority to grant such a privilege.

It should be noted that in the instant case we have the additional fact of a corporation employing an attorney for the performance and rendition of legal services to others which comes squarely within the prohibition of the cases of Land Title & Trust Co. v Dworken, supra, and Judd et al, Appellees v City Trust & Savings Bank et al, supra, wherein our Supreme Court specifically holds that such practices constitute the unauthorized practice of law.

If the principles of law enunciated by the Supreme Court and the Court of Appeals are to be reversed or modified, such action should come from the higher courts which have pronounced the rules of law which bind this court. As we view the issues here presented, it is not within the province of this court to make such modification. Entertaining these views, an order may issue restraining the defendants from the unauthorized practice of law as prayed for, and a journal entry may be drawn accordingly. Exceptions are allowed to all proper parties.