## GUSTAFSON et v JESTRAB

Common Pleas Court, Cuyahoga Co.

No. 478234. Decided Jan. 18, 1940

Arthur P. Gustafson, Carl A. Mintz and Julius A. Negin, of Cleveland, for plaintiffs.

Harvey E. Elliott and Harry A. Tilden, of Cleveland, for defendant.

## OPINION

By HURD, J.

This is an action in injunction commenced in this court by the plaintiffs, Carl A. Mintz, Arthur P. Guftafson, and Abraham Kollin, duly admitted to the practice of law in all courts of Ohio, on behalf of themselves and others associated as members of the Cuyahoga County Bar Association, and for and on behalf of all other persons duly admitted and qualified to practice law in the state of Ohio.

It is claimed by the plaintiffs that contrary to their rights and the rights of other regularly licensed attorneys at law, and contrary to public policy and in violation of the law, the defendant is engaging in the unauthorized practice of law. Plaintiffs pray that an injunction may be issued restraining and enjoining the defendant from engaging in the practice of law in any form directly or indirectly and from preparing and drafting contracts for the purchase and sale of real estate for others, and performing any other legal services for others in connection with any real estate transactions or otherwise.

The case has been submitted to the court upon the agreed statement of facts which is as follows:

"1. Plaintiffs are lawyers and are entitled to maintain this action in the capacities and for the purposes set forth in the petition.

"2. Defendant is not licensed or otherwise authorized to engage in the practice of law.

"3. Defendant has engaged in a general course of conduct in connection with his business as a real estate broker, which consists of the preparation and drafting of sales contracts involving real estate in which the defendant had no direct or primary interest, whereby one party agreed to sell and the other party agreed to buy said real estate. Such contracts were prepared by the defendant only in cases where he acted as broker in the transaction.

"4. Defendant, in such course of conduct, uniformly selected the forms used in the preparation of such contract.

"5. Defendant, upon occasions, requested Harry A. Tilden, as his attorney, to prepare deeds for use in transactions where defendant was the broker—blank forms for such purpose being furnished by the defendant or by the said Harry A. Tilden.

"6. Defendant, on various occasions, has employed the aforesaid Harry A. Tilden in the preparation of sales contracts, and, upon such occasions, has paid the aforesaid Tilden for said services. In each of these transactions the buyer and seller was procured by the defendant broker.

"7. In each of the transactions referred to above, the broker was entitled to receive from the seller a broker's commission by reason of the procurement of the sale.

"8. Submitted herewith as evidence, as a part hereof, are two sales contracts and a warranty deed as prepared by the defendant on or about the dates indicated thereon, the deed so attached having been prepared under the supervision and direction of Harry A. Tilden, as attorney for the defendant."

The court has had the benefit of interesting and comprehensive briefs prepared and submitted by counsel not only of the parties but briefs amici curiae of counsel representing the Cleveland Bar Association and the National Lawyers' Guild.

In our opinion the question presented by the agreed statement of facts may be stated as follows:

Does it constitute the unauthorized practice of law for a person licensed as a real estate broker, but not licensed to practice law, to engage in a general course of conduct which consists of the selection of contract blanks and forms and the drafting and preparation of contracts and the occasional employment of an attorney for the drafting and preparation of contracts and deeds, all for the sale, conveyance and transfer of real estate for others, in which the broker has no direct or primary interest, in furtherance only of transactions where such person acts as broker?

We find that this question has heretofore been decided in the affirmative by the courts of Ohio in the following cases:

In re: Unauthorized Practice of Law, Gore, Appellant, 58 Oh Ap 79; 11 OO 495; decided by the Court of Appeals of Franklin Co., Dec. 30, 1937, affirming a decision of the Common Pleas Court reported in 7 OO 110; The Land Title Abstract Co., The Guarantee Title & Trust Co., and The Cuyahoga Abstract Co. v Dworken, et, decided by the Supreme Court of Ohio, November 27, 1934, 129 Oh St 23; 1 OO 313; Judd et Appellees v The City Trust & Savings Bank et, Appellants, decided by the Supreme Court of Ohio, Dec. 18, 1937, 133 Oh St 81; 10 OO 95.

The syllabus of the case of In re: Unauthorized Practice of Law, Gore, Appellant, supra, is as follows:

"1. The selecting, by a real estate broker, of the appropriate form of contract blank for others or the filling out of such blank for others, in the furtherance of a real estate transaction, constitutes the practice of law, and such person must be duly licensed to practice law to legally perform such acts."

It will be noted that this case is directly in point, and if accepted as authority is determinative of the question at issue here. In its opinion the court stated as follows:

"* * *, on final analysis, we are of the opinion that the Supreme Court of Ohio has announced principles which, under the rule of stare decisis, we are bound to follow. Parenthetically, we might say that we find no marked variance in the decisions from other states. The last decision of our Supreme Court, involving similar questions, is that of Judd v The City Trust & Savings Bank, 133 Oh St 81, 10 OO 95, 12 N. E. (2d) 288. Again we might say that we have delayed releasing the opinion in the instant case awaiting the opinion of the Supreme Court in the Judd case.

"In 1934, the Supreme Court of Ohio decided the case of Land Title Abstract & Trust Co. v Dworken, 129 Oh St. 23, 1 OO 313, 193 N. E. 650. Both cases involve the question of the unauthorized practice of law and have many things in common with the instant case.

"It is our conclusion that the principle announced in the two reported cases by the Supreme Court are determinative of our question against the respondent, Gore. Arriving at this conclusion and being in accord with the very able and well considered opinion of the trial court, we do not deem it necessary to

restate the principles. To do so would add nothing in substance."

The first, fifth and seventh paragraphs of the syllabus of the case of Land Title & Trust Co. et v Dworken, supra, is as follows:

"1. The practice of law is not limited to the conduct of cases in court. It embraces the preparation of pleadings and other papers incident to actions and special proceedings and the management of such actions and proceedings on behalf of clients before judges and courts, and in addition **conveyancing, the preparation** of legal instruments of all kinds, and in general all advice to clients and all action taken for them in matters connected with the law." (Emphasis ours).

"5. Furthering opinions in proceedings in court, as to necessary parties thereto, **and preparing and advising in relation to conveyances and other papers pertaining to real estate transactions, for the benefit of others,** are acts falling within the practice of law and may not be performed by guarantee companies except wherein they have a direct or primary interest." (Emphasis ours).

"7. The right to practice law conferred by the state is a special privilege in the nature of a franchise and a possessor thereof may be protected by injunction from the invasion of the right thus vested in him."

Paragraphs 1 and 3 of the syllabus of the case of Judd, et v City Trust & Savings Bank et, are as follows:

"1. In Ohio, the power to regulate, control and define the practice of law rests inherently in the judicial branch of the government."

"3. **The practice of law consists essentially of the performance of legal services for others.** Banks and trust companies in Ohio are engaged in the unauthorized practice of law when through their regular salaried officers and employees, who may be attorneys at law admitted to practice in Ohio, **they prepare and draft wills, trust agreements, or contracts and other instruments** requiring the exercise of legal skill, for their customers or patrons. And it makes no difference that such banks may be designated in such instruments in fiduciary capacities." (Emphasis ours).

Applying to the agreed statement of facts the principles of law thus enunciated in these decisions by courts of last resort we can reach only one conclusion and that is that the acts of the defendants constitute the unauthorized practice of law. It appears to this court that the law on this subject is so far settled by the foregoing decisions of our Supreme Court and the Court of Appeals, that it is not a matter of first instance upon which we may exercise our own independent judgment, but that this court is bound, under the doctrine of **stare decisis** to follow the principles announced by these cases.

An examination of opinions rendered by courts of last resort in some states where the general Ohio rule seems to prevail indicates a tendency to grant an exception to the general rule in favor of real estate brokers allowing to them the privilege of drafting contracts and instruments of conveyance which are incidental merely to the principal business of the real estate broker in furtherance only of transactions in which he participates in that capacity and where no separate charge is made for such services. Cases illustrative of this view are the following: Childs v Smeltzer, 315 Pa. 9—171 Atl. 883, (**obiter dicta**); People v Title Guaranty & Trust Co., 227 N. Y. 366, 125 N. E. 666, (**obiter dicta**).

In a recent case decided squarely on the merits of this proposition the Supreme Court of Minnesota as a matter of comity, and for reasons stated in its opinion, accepted a legislative declaration of public policy relative to the unauthorized practice of law, involving an exception to the general rule in favor of real estate brokers holding in part that "it would not be in the interest of public welfare to restrain brokers from

126

drafting ordinary instruments necessary to effectuate the closing of the ordinary real estate transaction in which they are acting." Jos F. Cowren et, Respondents v Frederick E. Nelson, Appellant, 290 N. W. 795.

The defendant is here contending for a like exception in this state in his favor as a real estate broker for the privilege which by the Supreme Court decisions above referred to is denied to banks, trust companies, abstract, title and guarantee companies, and is likewise denied to those engaged in the real estate brokerage business in Franklin county by force of the decision of the Franklin County Court of Appeals in the Gore case, supra. In view of these decisions it would appear that this court has not the power or authority to grant such a privilege.

If the principles of law enunciated by the Supreme Court and the Court of Appeals are to be reversed or modified, such action should come from the higher courts which have pronounced the rules of law which bind this court. As we view the issues here presented, it is not within the province of this court to make such reversal or modification. Entertaining these views, an order may issue restraining the defendants from the unauthorized practice of law as prayed for, and a journal entry may be drawn accordingly. Exceptions are allowed to all proper parties.